[No. 2,850.]

## JAMES S. DYER v. FRANK M. PIXLEY.

ACTIONS ON STREET CONTRACTS IN SAN FRANCISCO.—The Act of April 4th, 1870, requiring actions to recover street assessments in San Francisco to be brought in the name of the City and County of San Francisco, instead of being brought in the name of the contractor, as was required by law before that time, does not apply to contracts for improving streets, entered into before April 4th, 1870.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The action was on a street assessment made in July, 1870, under a contract for street work entered into in 1869. The contract was made under and in accordance with the Act of March 26th, 1868 (Stats. 1867–8, p. 358), and the Acts of which it is amendatory. By the law in force, when the contract was entered into it was made the duty of the Superintendent of Streets, on the completion of the work, to make an assessment and diagram, showing each parcel of property liable to assessment and the amount for which it had been assessed, and to deliver to the contractor a warrant authorizing him to demand and receive the amounts due. In case any assessment remained delinquent after a proper demand, the contractor was authorized to institute an action in his own name to enforce the lien upon the property. After the contract in this case was entered into, and before the assessment and diagram were made and the warrant issued, the Act of April 4th, 1870 (Stats. 1869–70, p. 890), was passed and took effect, which modified the remedy for enforcing payment under street contracts. By the terms of this Act it was made the duty of the Tax Collector to collect all street assessments and to pay the same into the City Treasury, and if any assessments remained delinquent, it was made the duty of the Assistant City and County Attorney to commence an action therefor in the name of the city and county, and when collected, to pay the same into the City Treasury; and the sums thus paid into the treasury were to constitute a separate Fund, to be applied only to the payment of the amount due to the contractor and the expenses of collection. The Act further provided that if the action should fail on account of any irregularity in the proceedings of the Board of Supervisors or of the Superintendent of Streets, the amount due to the contractor should be paid out of the City Treasury. Section nine of the said Act provided that "in all suits now pending or hereafter to be brought, to recover street assessments, the proceedings therein shall be governed

and regulated by the provisions of this Act, and also, when not in conflict herewith, by the Civil Practice Act of this State. It is hereby expressly provided that nothing but gold or silver coin of the United States shall be received in payment of street assessments, and the judgment or decree in every case shall be made payable in and entered for gold coin." Sections twelve and thirteen of the Act are as follows:

" SEC. 12. The Act of March fourteenth, eighteen hundred and sixty-eight, entitled an Act to provide for paving the streets in the City and County of San Francisco, as well as all Acts or parts of Acts conflicting or inconsistent with this Act, are hereby repealed.

" SEC. 13. This Act shall be liberally construed to carry out the intentions and purposes of this Act, and shall not be construed so as to affect any contracts heretofore awarded or assessments issued."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The Court below sustained the demurrer; judgment was entered for the defendant, and the plaintiff appealed.

*Joseph M. Wood*, for Appellant.

We submit that the Court below erred in sustaining the demurrer, because the remedy given by the statute under which the contract was made is a part of the contract, and to take away or materially alter such remedy would be to impair the obligation of the contract, which the Legislature cannot do. (Const. Cal., Art. I, Sec. 16.) In *Creighton* v. *Pragg*, 21 Cal. 119, a case directly in point, this Court said: " The repealing Act is absolute in its terms, but it was not intended that the repeal should affect past contracts, for that would have been to impair their obligation, which the Legislature had no power to do." The law in force when the

contract was made controls the rights of the contractor; and where it gives him the right, in person, to enforce his demand, to deny him that right is a violation of the Constitution. (*Houston* v. *McKenna*, 22 Cal. 553.) It may be urged that the remedy does not form any part of the contract. "A contract is just as much impaired .by a prohibition to sue upon it as it is by direct legislative action declaring it void." (*Scarborough* v. *Dugan*, 10 Cal. 307.) By the law in force, the remedy was a part of the contract. (*Bronson* v. *Kinsie*, 1 How. U. S. 319.)

*Pixley & Harrison*, for Respondent.

The complaint is defective, in that the plaintiff therein had no right to sue; his right of action, given by section thirteen of the law of 1868, having been taken from him by the amendments of 1870. " When an Act of Parliament is repealed, it must be considered, except as to those transactions passed and closed, as if it had never existed." (Dwarris on Stat. 676; *Butler* v. *Palmer*, 1 Hill 333; *Key* v. *Goodwin*, 4 Moore & Payne, 341, 351; *Surtees* v. *Ellison*, 4 Mann. & Ry. 586.) "A repeal of a statute, under which alone a right of action exists, operates as an extinguishment of actions pending when the repeal takes effect, unless there is a subsequent law which enables the Court to try and determine them." (*McMinn* v. *Bliss*, 31 Cal. 122; Sedg. on Stat. and Const. Law, 129.) Nor can the proviso of the amendment of April, 1870, Stats. 1869–70, p. 900, be construed to extend the provisions of the former Acts, authorizing the contractor to sue. Its words are simply: " This Act * * * shall not be construed so as to affect any contracts heretofore awarded, or assessments issued." Negative words do not extend a positive provision; and it is sufficient to say, therefore, that as no provision now exists whereby the contractor can sue, then he cannot sue. (*People* v. *Livingston*, 6 Wend. 526; Sedg. on Stat. and Const. Law, 129.)

The judgment of the Court below was reversed from the bench, on the ground that the provisions of the Act of April 4th, 1870, did not apply to contracts entered into before the passage of that Act, and the Court below was directed to overrule the demurrer.