[L. A. No. 1266.  Department Two.—June 18, 1904.]

## MAY GRISWOLD, Respondent, v. WILLIAM H. GRISWOLD, Appellant.

MALICIOUS PROSECUTION—ARREST FOR ALLEGED INSANITY—ADMISSION OF SANITY—WANT OF PROBABLE CAUSE—MALICE—BURDEN OF PROOF. —In an action for malicious prosecution in causing the arrest and imprisonment of the plaintiff upon a charge of insanity, the burden of proof is always upon the plaintiff to prove both want of probable cause and malice; and the fact that the answer admits that plaintiff was not insane at the time of arrest and denies only want of probable cause and malice, does not throw upon the defendant the burden of proof to show want of probable cause or want of malice.

ID.—EVIDENCE FOR DEFENDANT—GOOD FAITH—ADVICE OF FAMILY PHYSICIAN.—The defendant has the right to prove that he acted in good faith and upon probable cause,—that is, upon such facts and circumstances as would lead a reasonably prudent man to believe that plaintiff was insane when the charge was made.  Evidence is admissible, as tending to disprove malice, to show that the facts were fairly and fully stated to the family physician, and that he expressed the opinion that plaintiff was insane, and advised that proceedings be taken for her examination, and that, acting upon that advice, the defendant took the proceedings in good faith, honestly believing upon reasonable grounds that the plaintiff was insane.

ID.—PRESUMPTION OF MALICE—WANT OF PROBABLE CAUSE—INFERENCE —QUESTION OF FACT.—Though the jury may infer malice from want of probable cause, or from other circumstances, as an inference of fact, yet there is no legal presumption of malice from want of probable cause.  Malice is a question of fact, and by whatever mode it may be proven, it is proven as a fact.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

S. V. Landt, and Lynn Helm, for Appellant.

Jones & Weller, for Respondent.

THE COURT.—Plaintiff and defendant are brother and sister. The action was brought to recover damages for malicious prosecution. The complaint alleges that the defendant maliciously and without probable cause made an affidavit and petition charging plaintiff with being insane, and upon such affidavit and petition procured the plaintiff's arrest and imprisonment in the insane ward of the county hospital of the county of Los Angeles; that plaintiff was not insane at the time she was so arrested, and that she was duly discharged from said arrest and imprisonment; that she was greatly injured in body, mind and reputation by reason of said arrest and imprisonment, to her damage in the sum of fifty thousand dollars.

Defendant, in his answer, did not deny the allegation "that plaintiff was not insane" at the time she was so arrested. He denied that he acted maliciously or without probable cause, and affirmatively alleged that for a long time prior to her arrest the plaintiff resided in the city of Los Angeles with the mother of plaintiff and defendant, together with a sister and nephew; that prior to her arrest she had frequent fits of violence and excitement, and committed divers irrational acts, and made divers threats and attempts to do bodily harm to members of the family and other persons without provocation; that she threatened to kill her sister, concealed, damaged, and destroyed property, and did other irrational things; that defendant fully and fairly reported all said facts to a physician who was and had been the regular family physician of the family and of plaintiff, and said physician expressed the opinion that plaintiff was insane, and advised that proceedings be taken for her examination; that defendant in good faith, without malice, and believing, and having cause to believe, that plaintiff was insane, and deeming it for the best interests of plaintiff, and

for the protection of others, believing it to be his duty, he made the affidavit ·and procured the arrest of plaintiff; that he acted in good faith, and without malice or ill-will toward plaintiff.

The case was tried before a jury and a verdict rendered in favor of plaintiff for six thousand dollars, upon which judgment was entered. This appeal is from the judgment and order denying defendant's motion for a new trial. Respondent has not filed any points or authorities, and hence our labor has been greater than it would have been had we received the assistance of counsel. Many witnesses were examined and much evidence introduced on the issues as to malice and want of probable cause. It is not necessary to narrate the evidence as to the many acts of violence and peculiar conduct of plaintiff. It may be conceded (for the purposes of this case) that there is sufficient evidence to sustain the verdict of the jury both as to malice and want of probable cause, but we have concluded that the case must be reversed on the ground of errors of the trial court in giving improper instructions to the jury. Defendant, when on the stand testified fully as to stating all the facts and circumstances concerning plaintiff's violence, threats, and conduct to Dr. E. R. Smith, the family physician, and that the doctor upon such statement told defendant that plaintiff was unbalanced, and, in his opinion, that she was insane. Dr. Smith testified fully, without objection, to all the statements made to him by defendant, that he was consulted by defendant, and that he believed the plaintiff was insane, and so advised defendant.

The court (apparently of its own volition) instructed the jury as follows: "I charge you that even though you should find that the defendant before the 17th of November, 1900, fully and fairly stated all the facts and circumstances within his knowledge connected with the conduct, deportment, and manner of the plaintiff to a physician, and that he was by said physician advised that she was insane, this advice would not of itself amount to a reasonable and probable cause to believe her insane; and I charge you that notwithstanding the court has heretofore permitted testimony to the jury of a statement by the defendant of certain facts and circumstances within his knowledge to Dr. E. R. Smith, and has permitted

Dr. Smith to testify as to what statements were made to him by defendant, and both parties have testified to you as to the statement and opinion given by Dr. Smith to the defendant at the time in relation to plaintiff's mental condition, you should disregard all of such testimony, the court upon more mature reflection being satisfied that such testimony should not have been submitted to you.''

We are at a loss to know upon what theory the instruction was given. It was incumbent upon plaintiff to prove both want of probable cause and malice. (2 Greenleaf on Evidence, 16th ed., sec. 449.) On the other hand, the defendant had the right to prove that he acted in good faith, without malice, and upon probable cause; that is, upon such facts and information as would induce a reasonably prudent man to believe that the plaintiff was insane. Probable cause has reference to the common standard of human judgment and conduct, and malice refers to the mind and judgment of the defendant in the particular act charged as a malicious prosecution. Malice need not indicate anger or vindictiveness, but it imports bad faith in a malicious prosecution, or the want of sincere belief that the facts and circumstances justify the prosecution. As said by Chief Justice Redfield in *Barron* v. *Mason*, 31 Vt. 197: ''For it is found in almost every book upon the subject, that if defendant, however causelessly, did really act in good faith and without malice in preferring the charge, he cannot be made liable for a malicious prosecution.''

It is held, in cases where a person is charged with a crime, that if the prosecutor fully and fairly states all the facts in the case to counsel learned in the law, and is by such counsel advised and verily believes that a crime has been committed, that such advice amounts to probable cause. The court must have had the rule in mind in making the above charge to the jury. But it was not necessary that the statement to and advice of Dr. Smith should have been sufficient to constitute probable cause as a matter of law to make it admissible. He was the family physician. He was supposed to be skilled in his profession, and to know more about the mental condition of plaintiff than any attorney-at-law could have known. If defendant had not consulted the family physician, but had gone to an attorney-at-law it would certainly seem that he had much less ground for the prosecution than by pursuing

the course he did.  He was accused of acting maliciously.  Did it not tend to disprove malice if he went to the family physician and fully and fairly stated the facts?

It was said by Judge Redfield in *Barron* v. *Mason*, 31 Vt. 197: "But upon the question of malice the law is more tender towards the inexperience or the infirmities or the idiosyncrasies of parties.  Malice is judged with reference to the party, and whatever fairly tends to show that he acted with good faith, and without malice, must be received. . . . But if the party fail in showing such ground of action as would have induced prudent and careful men to have believed in the plaintiff's guilt, and to have instituted the prosecution, he may nevertheless, if he choose, show that in fact he did act upon what he had at the time regarded as good cause, either from common report or remote circumstances, such as excited suspicions in his mind to the extent of creating belief of guilt, although short of probable cause."

In *Murphy* v. *Larson*, 77 Ill. 176, where the defendant consulted one who was not a licensed attorney but who was supposed to be such by defendant, it was held error to exclude such fact.  The court said: "As the ground of this action is malice and want of probable cause, any fact tending to disprove either is proper evidence.  It was indispensable, to maintain the action, it should appear affirmatively that defendant in instituting the prosecution against plaintiff on the charge of larceny acted maliciously and without probable cause, and both must concur.  The fact he obtained counsel of one he supposed was learned in the law and competent to give advice, and was advised by him, upon a disclosure of the facts and circumstances, to commence the criminal prosecution, while it constitutes no defense, was certainly competent evidence on the question of malice; if he acted in good faith—and that was a question for the jury—it would negative, in a high degree, the idea of malice; and that fact ought to go in mitigation of exemplary damages."  To the same effect see *Harpham* v. *Whitney*, 77 Ill. 32; *Hirsch* v. *Feeney*, 83 Ill. 549; *White* v. *Tucker*, 16 Ohio St. 468.

In the case at bar the plaintiff relied upon want of probable cause and other facts as a basis upon which the jury might infer malice.  To deprive the defendant of evidence tending to show his honest belief, and reasonable ground for such

belief, as a basis for his actions in swearing to the affidavit, could not but have injured his defense before the jury. It is the policy of the law to encourage prosecutions when there are facts and circumstances that would induce the belief in the mind of a reasonably cautious man of the guilt of the party accused. And so in case a party is insane and dangerous to be at large. It would not do to hold honest parties in heavy damages for an error of judgment. If so it would be difficult to get responsible parties to make complaints. All that the law requires as a defense to this kind of an action is the existence of such facts and circumstances as would induce the belief in the mind of a reasonably cautious man that the party was insane at the time the charge was made. If such facts and circumstances existed, the plaintiff ought not to recover.

In the instruction No. 12 the court charged the jury as follows: "And, it being admitted by the defendant in his answer that plaintiff was not insane at the time he had her arrested, you are instructed that the law presumes that in procuring her arrest defendant acted without probable cause and maliciously, and the burden of proof is on the defendant to show probable cause and want of malice on his part."

This was clearly error. The question before the court and the jury was not as to the sanity or insanity of the plaintiff at the time of her arrest, but as to whether or not there was probable cause for her arrest as that term is understood by judges and the legal profession. (*Jones* v. *Jones*, 71 Cal. 91; *Good* v. *French*, 115 Mass. 203.) And the burden is always on the plaintiff to show that the suit or proceeding was instituted without probable cause and maliciously. (Greenleaf on Evidence, sec. 449 et seq.; Newell on Malicious Prosecution, p. 7, 473; *Harkrader* v. *Moore*, 44 Cal. 152.)

In the latter case it was held that an instruction "that the plaintiff's discharge by the examining magistrate is *prima facie* evidence of the want of probable cause for the charge, and the burden is upon the defendant to prove to the satisfaction of the jury the existence of probable cause," was error.

Instruction No. 10 was as follows: "You are instructed that malice is a question of fact for you to determine; but that it may be inferred by you from the circumstances proved, and may be *presumed to exist from the want of probable*

*cause.*" This instruction is somewhat ambiguous. If it means that the legal presumption of malice follows proof of want of probable cause, it is erroneous. A jury may infer malice from want of probable cause, but the former is not a necessary legal presumption from the latter. The law on the subject is correctly stated in *Levy* v. *Brannan,* 39 Cal. 485, as follows: "Malice is a fact to be found by the jury in an action for malicious prosecution. It may be proved by the acts or declarations of the defendant in respect to the prosecution, or the matter which was made the subject of the criminal charge against the plaintiff, or it may be inferred by the jury from the want of probable cause. The want of probable cause does not raise a legal presumption of malice, but it may be inferred therefrom—though it is not necessarily inferred —by the jury, as it may be inferred from other circumstances. But, by whatever mode it may be proven, it is proven as a fact." (See, also, *Harkrader* v. *Moore,* 44 Cal. 153.) As the case must be reversed for the other reasons given above, it is not necessary to determine what the meaning of the instruction is, or how the jury probably understood it; but upon another trial language which might be construed as holding that malice is legally *presumed* from want of probable cause should be avoided.

There are no other points necessary to be discussed.

The judgment and order appealed from are reversed.