(July 11, 1919.)

## C. A. BARTON, Respondent, v. I. R. WOODWARD and J. C. WOODWARD, Appellants.

[182 Pac. 916.]

MALICIOUS PROSECUTION—LUNACY PROCEEDING—STATUTES OF LIMITATION—PROBABLE CAUSE—INSTRUCTIONS—EVIDENCE.

1.   An action for malicious prosecution does not fall within the provisions of C. L., sec. 4055, subds. 4 and 5.

2.   An action for malicious prosecution lies against one who institutes a lunacy proceeding against another, maliciously and without probable cause.

3.   Whether the trial court erred in submitting the question of probable cause to the jury is not before the court when the instructions are not in the record.

4.   Judgment on the merits for the defendant in a lunacy proceeding is not evidence of want of probable cause.

5.   In an action for malicious prosecution it is incumbent upon the plaintiff to prove want of probable cause by preponderance of the evidence, and this may not be shown by proof of malice.

6.   In an action for malicious prosecution certificates admitting plaintiff to practice medicine in other states are not admissible in the absence of evidence tending to show his intention to engage in the practice there.

[As to malicious prosecution cases in which action will lie, see note in 93 Am. St. 456.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. R. N. Dunn, Presiding Judge.

Action for malicious prosecution of a lunacy proceeding. Judgment for plaintiff. *Reversed.*

Alfred A. Fraser and John H. Norris, for Appellants.

The complaint, upon its face, showed that the cause of action was barred by subd. 5, sec. 4055, Rev. Codes. The action, as shown by the complaint, was brought for an injury to the person of the plaintiff, and in such cases an action for

malicious prosecution is always held to be an action for an injury to the person. (*Makatawahquàtwa v. Revok,* 111 Fed. 12; *Porter v. Mack,* 50 W. Va. 581, 40 S. E. 459; *Noonan v. Orton,* 34 Wis. 259, 17 Am. Rep. 441; *Bryant v. American Surety Co.,* 69 Minn. 30, 71 N. W. 826; *Kelly v. Western Union Tel. Co.,* 17 Tex. Civ. 344, 43 S. W. 532; 13 Ency. Pl. & Pr., 2426.)

"In order to maintain an action for malicious prosecution, it is incumbent on plaintiff to show want of probable cause on the part of defendant in commencing the prosecution." (*Russell v. Chamberlain,* 12 Ida. 299, 9 Ann. Cas. 1173, 85 Pac. 926; *Taylor v. Baltimore & Ohio Ry. Co.,* 18 Ind. App. 692, 48 N. E. 1044; *Richards v. Jewett Bros. & Co.,* 118 Iowa, 629, 92 N. W. 689.)

From want of probable cause, malice may be inferred, but from malice, even if express, want of probable cause cannot be inferred. (*Stone v. Crocker,* 41 Mass. (24 Pick.) 81; *Parker v. Farley,* 64 Mass. (10 Cush.) 279; *Eickhoff v. Fidelity & Casualty Co.,* 74 Minn. 139, 76 N. W. 1030; *Hicks v. Brantley,* 102 Ga. 264, 29 S. E. 459; *Tumalty v. Parker,* 100 Ill. App. 382; *Stewart v. Sonneborn,* 98 U. S. 187, 25 L. ed. 116, see, also, Rose's U. S. Notes.)

In an action for malicious prosecution, defendants are not liable, no matter how vindictive they may have acted nor what their motives may have been if they acted with probable cause. (*Staunton v. Goshorn,* 94 Fed. 52, 36 C. C. A. 75; *Grant v. Moore,* 29 Cal. 644.)

An acquittal in a criminal prosecution is not, *per se, prima facie* evidence in an action for malicious prosecution arising out of such prosecution of want of probable cause for instituting the prosecution, and standing alone is insufficient to sustain a holding of want of probable cause. (*Kansas etc. Coal Co. v. Galloway,* 71 Ark. 351, 100 Am. St. 79, 74 S. W. 521; *Thompson v. Beacon Valley Rubber Co.,* 56 Conn. 493, 16 Atl. 554; *Anderson v. Friend,* 85 Ill. 135; *Bitting v. Ten Eyck,* 82 Ind. 421, 42 Am. Rep. 505; *Philpot v. Lucas,* 101 Iowa, 478, 78 N. W. 625; *Laing v. Mitten,* 185 Mass. 233, 70 N. E. 128;

*Shafer v. Hertzig*, 92 Minn. 171, 99 N. W. 796; *Boeger v. Langenberg*, 97 Mo. 390, 10 Am. St. 322, 11 S. W. 223; *Young v. Lyall*, 23 N. Y. St. 215, 5 N. Y. Supp. 11; *Fox v. Smith,* 26 R. I. 1, 3 Ann. Cas. 110, 57 Atl. 932.)

Thompson & Bicknell, for Respondent.

An action for malicious prosecution is not one for an injury to the person within the meaning of sec. 4055, Rev. Codes, but such an action comes within the provisions of sec. 4053: "An action upon a contract, obligation or liability not founded upon an instrument of writing." (*Piller v. Southern Pac. R. R. Co.*, 52 Cal. 42; *Sharp v. Miller*, 54 Cal. 329; *Wood v. Currey*, 57 Cal. 208.) Actions for malicious prosecution not being specifically mentioned in the Idaho statutes of limitation, must come within sec. 4053 of the Idaho Code under the authority of the California courts.

To prove want of probable cause is to prove a negative, and in such cases slight proof is all that is required. (*Olson v. Tvete*, 46 Minn. 225, 48 N. W. 914; *Chapman v. Dodd*, 10 Minn. 350.)

McCARTHY, District Judge.—This is an action to recover damages for malicious prosecution of a lunacy proceeding.

A demurrer was filed to the complaint on two grounds; first, that it did not state facts sufficient to constitute a cause of action, and, second, that the action was barred by C. L., sec. 4055, subds. 4 and 5. The statutes of limitation were also pleaded in the answer. The cause was tried to a jury, and resulted in a verdict and judgment for plaintiff. This appeal is from the judgment.

The record discloses that a hearing was had before the probate judge on April 21, 1911, and on the same day respondent was discharged. This action was commenced on August 5, 1913. Appellants contend that the action is barred by subds. 4 and 5, C. L., sec. 4055, which limit the time within which certain actions may be brought to two years and which are as follows:

"4. An action to recover damages for an injury to the person, or for the death of one caused by the wrongful act or neglect of another.

"5. An action for libel, slander, assault, battery, false imprisonment or seduction."

It is urged that the action is for an injury to the person, or that it is so closely akin to an action for libel or slander as to make the statute with reference thereto applicable.

While it may be said that an action for malicious prosecution bears a strong resemblance to an action for libel (*Briggs v. Garrett*, 111 Pa. St. 404, 56 Am. Rep. 274, at 281, 2 Atl. 513; *Chapman v. Calder*, 14 Pa. St. 365; 26 Cyc. 7 and 8), they are not identical.

The cases which have been cited in an endeavor to show that a malicious prosecution is an injury to the person, construe statutes which contain language not found in ours, and are, consequently, of little assistance in reaching a correct interpretation of the subdivision relied on.

C. L., sec. 4055, subd. 4, fixing two years as the period of limitation, prior to amendment, contained the following provision: "An action to recover damages for the death of one caused by the wrongful act of another." Subd. 4 was amended by Sess. Laws 1903, p. 56, so as to contain the provision herein first quoted.

Construing the statute as amended in the light of the law as it was prior to amendment, it is clear that this subdivision was originally designed to limit the time of commencement of actions for physical injuries resulting in death, and that the amendment was made to extend the statute to include and to limit actions based upon like injuries which did not result in death. It follows that the present action is not barred by either subd. 4 or 5 of sec. 4055, *supra*.

The contention with respect to the general demurrer is that respondent has no cause of action against either of the appellants, for the reason that he was not charged with, nor prosecuted for, any crime, that no civil action was commenced or prosecuted against him, and that this action will only lie where there has been a malicious prosecution of a

criminal or civil action. While there are authorities which go the extent of so holding, the modern and better rule is to the effect that an action for malicious prosecution will lie against one who has maliciously, and without probable cause, instituted lunacy proceedings against another. (*Lockenour v. Sides,* 57 Ind. 360, 26 Am. Rep. 58; *Kellogg v. Cochran,* 87 Cal. 192, 25 Pac. 677, 12 L. R. A. 104; *Griswold v. Griswold,* 143 Cal. 617, 77 Pac. 672; 26 Cyc. 14.)

Appellants contend that the court erred in submitting the question of probable cause to the jury, but as the instructions are not before us, the record presents no such question for review.

Appellants specify the insufficiency of the evidence to support the verdict and judgment. In this connection it may be said there are decisions to the effect that the discharge of the defendant on preliminary examination is *prima facie* evidence of want of probable cause. Without discussing the soundness of that rule, it may be said it has no application to this case. The hearing had before the probate judge was a final trial, not a preliminary examination, and even these authorities do not go so far as to hold that a verdict or judgment of acquittal on the merits constitutes proof of want of probable cause for the commencement of the action. (26 Cyc. 40c.)

In a trial on the merits in a civil or criminal case, or in a lunacy proceeding, the question of probable cause is not passed on by the court, judge or jury, nor is it the criterion of the decision or verdict. The decision is on the merits, and if the defendant wins, it simply means that the plaintiff has not proved his case by the preponderance of the evidence or beyond a reasonable doubt. Therefore, the verdict or decision has no logical bearing on the question of probable cause and is not even admissible on that issue. It is admissible simply for the purpose of proving final and favorable termination of the action, which is another and separate question.

We find no proof of want of probable cause in the evidence submitted by respondent, and conclude that the motion for a nonsuit should have been sustained. Since appellants did not rest upon the motion, but introduced evidence, it is

waived. The question .then arises, Does the evidence introduced by them supply the weakness in respondent's case and show want of probable cause? Our answer to this is, No. The evidence introduced by appellants certainly does not tend to show want of probable cause. On the other hand, it is shown that, prior to the making of the accusation, two reputable physicians, who had attended respondent and thus had recent opportunity to examine him and to judge of his mental condition, told one of appellants, and he told the other, that respondent was insane. It is also shown that on an occasion when respondent was before the Idaho state medical board, an applicant for a license to practice medicine and surgery, his conduct was such as to excite the suspicion of those who observed it, including one of appellants, as to his mental balance; also that shortly prior to his arrest on the insanity charge it came to the knowledge of appellants that he had written prescriptions which are referred to in the record as "freakish," one of which was for strychnine in doses which, had one of them been taken by the patient for whom it was intended, would have proved fatal; another was for an eyewash which, had it been applied, would have ruined or destroyed the eyesight. On the lunacy hearing the commission of physicians appointed to examine him reported that he was suffering from paranoia, but recommended that he be not restrained. We conclude that respondent did .not sustain the burden incumbent upon him, and that no court or jury could reasonably find from the evidence introduced that, in making the lunacy accusation against him, appellants acted without probable cause.

It is true, there is evidence which would justify a finding of malice, but it is too well established to admit of argument that want of probable cause cannot be inferred from malice. It has been said in some cases that the fact a criminal case is prosecuted from some private or personal motive, other than a public motive, is of itself evidence of want of probable cause. This is not a logical statement. Probable cause depends upon what the prosecuting witness knew, or ought, as a reasonably prudent man, to have known, when he instituted

the proceeding.   If he had no sufficient information to justify a reasonably prudent man in believing the defendant was guilty, then the inference may be drawn he was acting from improper motive.   However, improper motive is proof of malice, but not, of itself, proof of want of probable cause. Moreover, an examination of the cases just above referred to discloses that in almost every instance the evidence showed facts within the knowledge of the prosecuting witness which proved that he acted without probable cause.

Since appellants did not ask for a directed verdict at the close of the evidence, it is not incumbent upon this court to finally dispose of the case on this appeal.   We conclude the evidence is insufficient to establish want of probable cause.

For the instruction of the trial court upon a new trial, we express the opinion that the certificates of admission to practice medicine in other states, offered by respondent and admitted by the trial court over appellants' objection, are not admissible in the absence of evidence tending to show his intention to engage in the practice there.   They do not prove a right of the respondent to practice medicine in this state.   They are not legitimate evidence of damage to respondent's business; we do not consider that they are any evidence of damage to his reputation or his feelings.   While not legally relevant or material, they are exceedingly prejudicial.   They serve to inject into the case a question of whether the refusal of the medical board to admit the respondent to practice in this state was right or wrong and prejudice appellants, inasmuch as one of them was a member of the medical board and also filed a complaint against respondent for practicing medicine without a license, acting under the orders of the medical board.

The judgment of the trial court is reversed and the case remanded, with instructions to grant a new trial.   Costs awarded to appellants.

Morgan, C. J., concurs.

BUDGE, J., Concurring in Part and Dissenting in Part.— Some time ago, this case was assigned to me for the purpose

of writing an opinion. I prepared an opinion, setting forth my views on the whole case. Inasmuch as that portion of my original draft which related to the question of the statute of limitations, and the absence of the court's instructions from the record, has been embodied in the majority opinion, I concur to that extent. As to the remainder of the majority opinion, I dissent.

I am clearly of the opinion that there is sufficient evidence in this record to sustain the jury's finding that the appellants instituted the lunacy proceeding without probable cause. While the rule is well settled that the plaintiff has the burden of establishing want of probable cause, since want of probable cause involves a negative, slight proof thereof is all that the law requires (18 R. C. L. 52, sec. 32; *Vinal v. Core,* 18 W. Va. 1, at 41; *Chapman v. Dodd,* 10 Minn. 350 (Gil. 277, at 291); *Williams v. Van Meter,* 8 Mo. 339, 41 Am. Dec. 644, at 647; *Kolka v. Jones,* 6 N. D. 461, 66 Am. St. 615, at 626, 71 N. W. 558; *Grant v. Deuel,* 3 Rob. (La.) 17, 38 Am. Dec. 228; 26 Cyc. 85, note 21), or, as stated by the supreme court of Montana:

"When the proof *tends* to show the absence of the former (probable cause), a *prima facie* case is made for the jury. The burden then rests upon the defendant to rebut this *prima facie* case, and this he must do by any evidence tending to show the existence of probable cause and the want of malice on his part." (*Martin v. Corscadden,* 34 Mont. 308, 319, 86 Pac. 33, at 36.)

Interpreting this rule, the supreme court of the United States has said that it requires the plaintiff to prove this part of the case by only such circumstances as are affirmatively within the plaintiff's control and that he may be fairly expected to be able to produce. Discussing the point in a recent case, that court said:

"While it is true that the want of probable cause is required to be shown by the plaintiff, and the burden of proof is upon her in this respect, such proof must necessarily be of a negative character, and concerning facts which are principally within the knowledge of the defendant. The motives

and circumstances which induced him to enter upon the prosecution are best known to himself.   This being true; the plaintiff could hardly be expected to furnish full proof upon the matter.   She is only required to adduce such testimony as, in the absence of proof by the defendant to the contrary, would afford grounds for presuming that the allegation in this respect is true.   1 Greenl. Ev., sec. 78.   In other words, the plaintiff was only obliged to adduce such proof, by circumstances or otherwise, as are affirmatively within her control, and which she might fairly be expected to be able to produce. As Mr. Justice Clifford put it, in *Wheeler v. Nesbitt, supra,* the plaintiff must prove this part of the case 'affirmatively, by circumstances or otherwise, as he may be able.' "   *Brown v. Selfridge,* 224 U. S. 189, 192, 32 Sup. Ct. 444, 446, 56 L. ed. 727, at 729, see, also, Rose's U. S. Notes.

Thus it has been held that proof tending to show that the prosecution was to accomplish some collateral purpose is sufficient to establish a *prima facie* want of probable cause and to impose on the defendant in an action for malicious prosecution the burden of showing that he had probable cause.   (18 R. C. L. 53, sec. 34; *Prough* v. *Entriken,* 11 Pa. St. 81; *Schmidt v. Weidman,* 63 Pa. St. 173; *Wenger v. Phillips,* 195 Pa. St. 214, 78 Am. St. 810, 45 Atl. 927; *MacDonald v. Schroeder,* 214 Pa. St. 411, 6 Ann. Cas. 506, 63 Atl. 1024, 6 L. R. A., N. S., 701.)

In the latter case, the court used the following language: "Nothing is better settled by our cases than that where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is *prima facie* evidence of want of probable cause and of malice and shifts the burden of showing it was not so on the defendant."

No reason is apparent to my mind for limiting the rule to cases arising upon debt.   The principle upon which the rule is based, and the reason for holding that proof that the prosecution was instituted for the purpose of collecting a debt is sufficient to make out a *prima facie* want of probable cause is that it shows a collateral purpose.   In other words, if the proof tends to show in any case that the prosecutor was seeking to

accomplish some collateral purpose, a *prima facie* want of probable cause is established. The rule is, doubtless, based upon the psychological truth that a person seeking to accomplish some collateral or ulterior purpose will act upon much less convincing evidence than one whose only purpose is to promote the public good. Hence, there may be much evidence which tends to show both malice and want of probable cause, and the cases which hold that probable cause cannot be inferred from malice do not go to the extent of holding that a want of probable cause may not be inferred from the same evidence from which malice is inferred. It is a matter of frequent occurrence in the trial of causes that some particular piece of evidence may be admissible for more than one purpose. Evidence that a prosecution was to accomplish some collateral purpose is one instance thereof, for the attempt to use the machinery provided for the enforcement of the law to accomplish and cloak some private collateral or ulterior purpose, while evidence of express malice is also some evidence that the prosecutor is acting without probable cause.

The evidence of express malice in this record is overwhelming, and much of this evidence expressly shows that the lunacy proceeding was instituted to accomplish a private collateral and ulterior purpose. The statements of appellants that they would "get him yet," referring to respondent; that they wanted to get him, because he was interfering with their business; the institution of a criminal proceeding against respondent shortly before the lunacy proceeding and at a time when all of the facts, according to appellants' own testimony, upon which they pretended to base their belief that respondent was insane, were in their possession; the statement of appellant J. C. Woodward, in reply to witness Hinkston's question inquiring what he had against Dr. Barton, that "he was turning the poorer classes of people against him"; the evidence touching various medical examinations all tend to show that the appellants were seeking not only to put respondent out of any competition with them, but to put him out of business entirely, and to put him in a situation where it would forever be impossible for him to become admitted to the practice of

medicine in this state.   To say that this evidence is evidence of malice is no answer to the argument that it also shows affirmatively, if not conclusively, a private, collateral and ulterior purpose on the part of appellants.   It is, therefore, sufficient to establish a *prima facie* showing of want of probable cause.   Furthermore, it is clearly apparent from these statements made by appellants concerning respondent not only that they had no probable cause to believe him insane, but did not, in fact, entertain any such belief.

The fact that some of this evidence was adduced while appellants were putting in their defense does not change the applicability of the rule.   The motion for nonsuit at the close of respondent's case having been denied, and appellants having elected to put in their defense, the jury was not only entitled, but was in duty bound to consider all of the evidence in the case.

Since there is evidence sufficient in law to establish a *prima facie* showing of want of probable cause, the fact that there is other evidence tending to show probable cause is not material. The jury may have disbelieved and disregarded all of the evidence introduced to show probable cause.   Inasmuch as the evidence is conflicting, the fact that there is substantial evidence to sustain the verdict is all that the law requires.

In the majority opinion, it is stated that two physicians, who are alleged to have examined respondent, informed one of the appellants, who informed the other, that respondent was insane.   It does not appear from the evidence that either of these physicians gave the appellants any information as to the facts and circumstances upon which they based their belief as to respondent's insanity.   It was the duty of appellants, before making the charge of insanity, to have made an investigation such as prudent and cautious men would have made under like circumstances.   They were themselves physicians, and saw respondent in the town of Payette almost daily for a year after Dr. Phy, one of the above-mentioned physicians, is alleged to have told one of them that the respondent was insane.   They were equally competent to judge as to his insanity, but the record discloses that they made

no effort to investigate the facts with a view of ascertaining the truth of the claim made by their informers that respondent was insane. The commission which was called to examine respondent, upon the hearing involving the question of his sanity, was composed of three physicians, who reported to the court that respondent was slightly paranoiac. All of the physicians reached the conclusion that the charge in the complaint was not true, and the court found that the charge was not sustained.

The evidence concerning respondent's conduct before the Idaho state medical board establishes nothing more than that he was of a highly nervous temperament.

Touching the matter of the two written prescriptions, referred to in the majority opinion as "freakish," the one which was for strychnine was satisfactorily explained, and the most that could be said of it is that it was a mistake, or an act of carelessness, which was immediately corrected by respondent when his attention was called to it. The one for the eye-wash was never used, and the record is very meager with reference to it. Suffice it to say that these were the only prescriptions written by respondent, so far as the record discloses, that were questioned. It does not seem to me that this proof, offered on the part of appellants, is sufficient to establish probable cause, when considered in the light of the entire record.

Certificates authorizing the respondent to practice medicine in certain other states, and a diploma issued to respondent by the Jefferson Polytechnic Hospital of Chicago, were introduced in evidence, over appellant's objection, and their admission is assigned as error, the theory of appellants being that the only purpose in offering this evidence was to give the jury the false impression that respondent was authorized to practice medicine, and to prejudice the jury. The objection is not well taken.

As the case stands before us, it presents a situation in which appellants wantonly, maliciously and without probable cause, preferred a charge of lunacy against respondent. The complaint alleges injury to respondent's credit, reputation and avocation as a physician and surgeon, injury to his good name,

fame and reputation generally, and to his practice of optometry, that he was brought into public scandal, infamy and disgrace, and suffered great anxiety and pain of body and mind, by reason of which his health was greatly impaired. The exhibits are the concrete evidence of years of study and preparation for his chosen profession. Certificates and diplomas of this character have a direct tendency to add to the standing of their possessor wherever he may be. It would be difficult to imagine a tort more calculated to inflict mental anguish and humiliation than a baseless charge of this character, the results of which, even if unsuccessful, as in this case, would naturally be to wipe out, in some measure, the results of years of toil, study and preparation.

While respondent was not licensed to practice medicine in the state of Idaho, these certificates neither proved nor tended to prove, nor were they offered for the purpose of proving, that he was so licensed. He is not seeking to recover damages solely to his business, but damages generally for injury to his standing, reputation and his feelings. The presumption is that the court instructed the jury as to the purpose for which these certificates were admitted.

The injury and the damage caused by this charge, for which respondent is entitled to recover, is not confined solely to any damages he may sustain within the state of Idaho, but is limited only by the whole extent of the injury and damage caused. Should respondent desire at any time to return to either of the states wherein he has been admitted to practice, and pursue there his profession, or should he be called there, which is neither unlikely nor unusual, a charge of this character could not help but cause serious and far-reaching impairment of his professional standing.

For the foregoing reasons, it is my opinion that the judgment should be affirmed.