## STRAKA v. VOYLES.

No. 4297.   Decided January 3, 1927.   (252 P. 677.)

*J. D. Skeen,* of Salt Lake City, for appellant.

*J. W. McKinney* and *Powers, Riter & Cowan,* all of Salt Lake City, for respondent.

FRICK, J.

This is an action for malicious prosecution.

Plaintiff in his complaint, in substance, alleged that the "defendant falsely, maliciously, and without probable cause" made oath to a complaint in which he "falsely, maliciously, and without probable cause" alleged that he believed that the plaintiff "was insane and a fit subject for care and treatment in the State Mental Hospital," and that the defendant

"falsely, maliciously, and without probable cause" procured plaintiff's arrest; that the plaintiff was arrested and confined in the Salt Lake county jail for the space of three days; that thereafter, pursuant to said arrest, he was taken before one of the judges of the district court of Salt Lake county, and after a "trial and examination" said judge "adjudged plaintiff not insane" and ordered plaintiff discharged from said arrest, whereupon plaintiff was discharged; that, by reason of said arrest and imprisonment, plaintiff suffered damages. Plaintiff prayed for actual, as well as punitive, damages.

Defendant in his answer to the complaint admitted that he swore to and filed the complaint referred to in plaintiff's complaint; admitted that plaintiff was arrested, as alleged in the complaint, and that, upon "an examination, plaintiff was found not to be a proper subject for care and treatment in the State Mental Hospital." The defendant denied that the "charge was false or malicious, and that it was without probable cause." It is further denied that plaintiff was injured by reason of said complaint or arrest and denied that he was damaged thereby.

Upon substantially the foregoing issues, the case was tried and submitted to a jury which found for the plaintiff and awarded him actual damages in the sum of $300 and exemplary damages in the sum of $200. Judgment was duly entered on the verdict, and defendant appeals.

A number of errors is assigned. It is contended that the court erred in denying defendant's motion for nonsuit upon the ground that plaintiff had failed to prove a cause of action, and for the further reason that it was shown, as a matter of law, defendant had probable cause to make the complaint, and that he was actuated by good motives and without malice.

While it is true that the defendant produced sufficient evidence, if believed by the jury, that he had probable cause for filing the complaint and that he acted without malice, yet there was also ample evidence adduced on behalf of the plaintiff to prove that the defendant acted

without probable cause, and that he was prompted to act through legal malice. In this connection it must suffice to say that, in view that we must construe the evidence in favor of the plaintiff, we cannot say, as matter of law, that the district court erred in denying the motion for nonsuit. True it is, as contended by defendant's counsel, the question of probable cause, where the facts are not in dispute, is for the court, and in case they are in dispute it is still a question for the court to instruct the jury what constitutes and what does not constitute probable cause. That such is the law in malicious prosecutions has so often been declared by this and other courts that the citation of authorities is wholly unnecessary.

The difficulty in this case, however, is that although the defendant produced evidence of his good motives and that he had probable cause, yet his own conduct was such that the jury were justified in believing that he did not, in good faith, believe that the plaintiff was insane, and in believing that he was actuated by legal malice. For example, the defendant testified that he was caused to initiate the insanity proceeding because he was afraid that the plaintiff might do him, the defendant, bodily harm or cause him injury by setting the building on fire which the plaintiff had rented from the defendant, and which the former was occupying as a tenant at the time he was arrested pursuant to the defendant's complaint. He also proved at the trial that he was informed by others in whose judgment he had confidence that the plaintiff was insane and was a fit person for treatment in the State Mental Hospital. In view of defendant's conduct, however, the jury were justified in disregarding his good faith in the premises. For instance, notwithstanding the fact that the defendant testified that he believed plaintiff insane, he commenced a civil action against him and attached his bank account. Plaintiff's counsel therefore argue, and the jury had a right to believe, that the defendant did not believe the plaintiff insane or he would not have sued him as a sane person and attached his money in the bank. Then, again, the plaintiff was brought before the

judge of the district court for examination upon the defendant's complaint. The latter was present, but he offered no evidence whatever in support of his complaint; nor did he make any protest against the discharge of the plaintiff, nor offer any explanation why he instituted the lunacy proceeding. Evidently he was satisfied to permit the plaintiff to go at large so long as the defendant had his claim secured by the attachment of the plaintiff's money. Moreover, the defendant not only did not offer any evidence in support of his complaint, but urged the plaintiff to remain as a tenant in defendant's building. The jury were thus justified in believing that the defendant did not fear or have any cause to fear that the plaintiff would harm him, or that he was a fit or proper subject for treatment in the State Mental Hospital. The defendant's conduct thus afforded the jury ample reason to disbelieve his statements of good faith, etc.

As before stated, while the question of probable cause is ordinarily one of law, or, at least, one of mixed law and fact as it is sometimes said, yet, when, as in this case, a defendant's motives or belief are in issue, it is the exclusive province of the jury to determine whether or not he was actuated by proper motives, and whether or not he had sufficient cause to believe and did believe the plaintiff insane. *Stewart* v. *Sonneborn*, 98 U. S. 187-194, 25 L. Ed. 116; *Jenkins* v. *Gilligan*, 131 Iowa, 176, 108 N. W. 236, 9 L. R. A. (N. S.) 1087; *Griswold* v. *Griswold*, 143 Cal. 617, 77 P. 672. The case last cited was an action to recover damages for malicious prosecution in instituting a lunacy proceeding, the same as is the case at bar. The court, in the course of the opinion, said:

"It was incumbent upon plaintiff to prove both want of probable cause and malice. * * * On the other hand, the defendant had the right to prove that he acted in good faith, without malice, and upon probable cause; that is, upon such facts and information as would induce a reasonably prudent man to believe that the plaintiff was insane."

Similar language is used in the other cases cited.

From what has been said, it is quite clear that the district court was not warranted in disposing of the case upon defendant's motion for nonsuit, and hence committed no error in denying the motion.

It is, however, also insisted that when all of the evidence adduced by both parties was before the court it should have granted defendant's request to direct the jury to return a verdict for the defendant. The contention, for the reasons above stated, is untenable.

It is next insisted that the court erred in refusing to charge the jury, as requested by the defendant, respecting his belief. Counsel insists that all that the defendant was required to prove was that he believed the plaintiff insane, without giving any basis for that belief. The court, after defining what would constitute probable cause in the instructions, further instructed the jury as follows:

"If you believe from the evidence that a state of facts existed which would induce a reasonably cautious man to believe that the plaintiff was insane and a proper person for care and treatment at the State Mental Hospital at the time the affidavit was signed, your verdict must be for the defendant."

There was no exception taken to this instruction. Defendant's counsel now insists, however, that the jury should have been instructed that, if the defendant believed that the plaintiff was insane and a fit subject for treatment in the State Mental Hospital, the plaintiff cannot recover, and he offered a request couched in substantially the foregoing language. There are two reasons why the foregoing contention is not sound: (1) No exception was taken to the court's charge, and hence it became the law of the case; and (2) the defendant himself offered another request to instruct which contained the identical language used by the court in its instruction. The court may thus have taken the language in its charge from the defendant's request. If that were the case and the charge were considered erroneous, it would nevertheless come within the rule of invited error of which

the defendant cannot here avail himself. We, however, prefer to base this decision squarely upon the proposition that the court's charge correctly reflected the law, and hence this assignment cannot prevail.

It is further contended that the district court erred in refusing a layman to state his opinion as to whether he considered the plaintiff sane or insane. While it is true that, when the opinion was sought to be elicited, the court sustained an objection to the question, it, however, is also true that the layman was afterwards permitted to fully state his opinion and that he believed the plaintiff insane. Moreover, the layman was permitted to testify that he had fully informed the defendant of that opinion before the complaint was filed. The defendant thus had the full benefit of the layman's opinion respecting the sanity of the plaintiff. But here, again, the jury may have disregarded the layman's testimony because it was immediately thereafter established that the plaintiff was not insane, and that he was not a fit subject for treatment at the State Mental Hospital. Moreover, as before pointed out, the defendant, by his own conduct, apparently did not believe that the plaintiff was insane.

It is, however, intimated that this is not a case where a criminal complaint was lodged against a person which was afterwards found to be without probable cause. The courts, however, seem to consider a lunacy proceeding, especially one which results in an arrest, which is instituted maliciously and without probable cause, practically the same as they do a criminal proceeding which is without probable cause and is predicated upon legal malice. See *Lockenour* v. *Sides,* 57 Ind. 360, 26 Am. Rep. 58, and *Barton* v. *Woodward,* 32 Idaho, 375, 182 P. 916. The decision in the Indiana Case is well reflected in the first headnote, which is stated in the following words:

"One who maliciously, and without probable cause, institutes or procures to be instituted against another an inquisition of lunacy, is liable to the latter on his discharge, in an action for malicious prose-

cution, for all damages suffered by him in excess of the taxable costs of such proceeding."

See, also, *Griswold* v. *Griswold*, 143 Cal. 617, 77 P. 672, which was an action for malicious prosecution for insituting lunacy proceedings like the case at bar, etc.

It is further contended that the verdict for exemplary damages is entirely without support in the evidence. While the writer would be better satisfied if the jury had allowed the full $500 for actual damages, instead of allowing only $300 as such damages and $200 as exemplary damages, yet, in view of defendant's conduct, all of which was before the jury, we cannot say that there is no substantial evidence upon which to base a verdict for exemplary damages. Such being the case, we cannot legally interfere.

It follows that the judgment should be and it accordingly is affirmed with costs.

GIDEON, C. J., and THURMAN and CHERRY, JJ., concur.

STRAUP, J., concurs in the result.