# HORTENSE J. BREDEHORST v. ROBSON FUEL COMPANY.[1]

December 6, 1935.

No. 30,649.

*Albert Mohn,* for appellant.
*Milton I. Holst* and *Arthur E. Arntson,* for respondent.

LORING, JUSTICE.

This case was brought for malicious prosecution and attachment of the plaintiff's real estate in a suit begun by the defendant upon a coal bill and an assignment from Sundberg Brothers of a grocery account. ·The suit complained of terminated in favor of this plaintiff by a verdict of the jury on the cause of action on the coal account and by a directed verdict on the grocery account. The ground of attachment of the plaintiff's property was nonresidence of the plaintiff and is admitted to be true. The sole ground on which the affidavit for attachment is attacked as false is on the statement that plaintiff had a cause of action against the attachment defendant.

[1]Reported in 263 N. W. 609.

Upon the trial of the action for malicious prosecution the court below dismissed the case at the end of the plaintiff's testimony, and she comes here upon appeal from an order denying her motion for a new trial. The only question presented, therefore, is whether she made out a case which should have been submitted to the jury. We need discuss but one feature of the case. The only proof of want of probable cause was the judgment roll terminating the original action in favor of this plaintiff. The proof went no further. The burden was upon the plaintiff to show want of probable cause and malice. We are of the opinion that the termination of the case in plaintiff's favor does not make out a *prima facie* case of want of probable cause. Stewart v. Sonneborn, 98 U. S. 187, 25 L. ed. 116. Certainly, on the cause of action which the court submitted to the jury there could be no inference of lack of probable cause from the fact that the jury found that the plaintiff had not sustained the burden of proof. In Barton v. Woodward, 32 Idaho, 375, 182 P. 916, 5 A. L. R. 1090, the supreme court of that state, in discussing the question of probable cause, held that the mere termination of the case in favor of the plaintiff in malicious prosecution was no evidence of lack of probable cause.

Nor in our opinion does the fact that the court directed a verdict for the plaintiff on the other cause of action make out a *prima facie* case therein. Standing alone it is insufficient. We are in accord with the views expressed by the trial court in regard to the situation where a directed verdict is involved. We think that such a verdict does not stand upon any different footing. Probable cause is not the criterion upon which a verdict is directed. Often such a verdict depends upon a disputed question of law, regarding which there may be an honest difference of opinion. The situation is different from that where a committing magistrate is passing upon the question of probable cause to believe a crime has been committed.

In the case at bar the question of lack of probable cause was for the court, and we think it was rightly decided. Williams v. The Pullman Co. 129 Minn. 97, 151 N. W. 895, Ann. Cas. 1916E, 374, and cases cited therein.

The order appealed from is affirmed.