RICKETTS, APPELLANT, *v.* HAHN, APPELLEE.

(No. 254—Decided May 8, 1943.)

*Mr. L. N. Staats* and *Mr. E. G. Lloyd,* for appellant.
*Mr. Lloyd S. Leech,* for appellee.

SHERICK, J.   This is an appeal on questions of law presenting a single question as to whether plaintiff's third amended petition states a cause of action.   The pleading was demurred to upon the theory that it did not state a cause of action, but that if a cause was stated it was one for malicious prosecution now barred by the statute of limitation.   The trial court sustained

the demurrer upon the second ground and final judgment was entered.

Plaintiff, appellant herein, maintains that the cause of action is predicated upon fraud and deceit, which is not barred in accordance with Section 11224, General Code, until the expiration of four years from accrual of the cause of action. Defendant, appellee herein, insists that if the petition states anything, it is an action for malicious prosecution which is barred by Section 11225, General Code, which limits the commencement of such actions to the period of one year. The substance of the petition is as follows:

That defendant made application for the appointment of a guardian for the plaintiff and alleged therein that plaintiff had a legal settlement and residence in Coshocton county and was incapable of taking care of himself and his property; that she well knew that these statements were false and that her return to the court that personal service of notice was made upon him was likewise false; that these fraudulent statements induced the court to place plaintiff under guardianship and to appoint defendant as his guardian; that he was for a period of six months held under close restraint and surveillance; that he was denied the privilege of communicating with anyone, enjoying his freedom, transacting his business, and managing his property; and that his confinement humiliated and embarrassed him, caused him to suffer mental anguish and physical discomfort, and injured his business reputation and confidence of his business associates in him, all to his injury and damage to the amount of $25,000.

It is further averred that defendant mishandled his property and expended and caused to be expended thereof some $4,241 from which he received no benefit. He says that this financial loss resulted from and was

proximately caused by the false and fraudulent allegations and representations made by the defendant to the court. It is stated that the guardianship was terminated on November 2, 1938. The action was commenced on May 26, 1941.

Before proceeding to announce the reasons for our conclusion hereinafter stated, we deem it expedient to set forth five lines taken from plaintiff's brief. It is therein stated:

"It is true, as counsel claims, that this action does not contain all the constituent elements of the ordinary action for fraud, or even an action for conspiracy to defraud. As a matter of fact, it contains none of them.

"The defendant made no false representations to Ricketts, nor was he deceived or injured in reliance upon any such representations."

It is apparent from the pleaded facts and the concession quoted, that plaintiff's claimed cause of action is not what is known as a usual fraud action, wherein it must be alleged and proved that the one sued had made false representations to another, who in reliance thereon had acted and suffered damage as a result thereof. Plaintiff in fact says that his cause of action is an unusual situation, due in the main, to two circumstances, that is, the representations are, in his case, made not to him, but to the court, and of which he had no knowledge or opportunity of acting upon and combating. The plea is that these representations misled the court, which was without jurisdiction over his person, provoked its process, and induced the issuance of void processes and orders which resulted in plaintiff's damage.

Assuming these matters to be true, our attention is engaged by Section 11224, General Code, wherein the Legislature prescribed that certain tort actions, there-

in enumerated, must be brought within four years. The third action therein specified is "for relief on the ground of fraud." It is our judgment that this cause of action was intended to cover those situations which we have hereinbefore denominated as usual fraud cases. We reach this conclusion for two reasons. First, because a listing of the various and enumerable situations between parties that may be affected by fraudulent representations is practically impossible. From this fact we draw the conclusion that this third subdivision of Section 11224, General Code, was intended to cover that well-known class of fraud cases which we have called usual. Our second reason is found in subdivision four of this section. It is rather a coverall provision. It reads, "for an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated." Thereby the Legislature sought to state that all other injuries to the rights of a plaintiff "not arising on contract" were actionable within four years. Thus it is perceived that all injuries are recognized, whether such are criminal or civil, providing of course that they do not spring from a contract relationship. It is therefore clear that this subdivision was intended to cover all other invasions of one's rights that arose from tortious conduct, with one exception, which is, that the four-year limitation does not apply to any action that the Legislature "hereinafter enumerated." This leads us of necessity to the next two succeeding sections.

Section 11224-1, General Code, deals with bodily injury and injury to personal property. It has particular application to that class of tort actions known as negligence cases. It directs a limitation of two years. But it is Section 11225, General Code, with which we are immediately concerned. It limits the commencement of certain tort actions to the period of one year. It covers

eight subjects, including therein actions for malicious prosecution. Its very terms manifest a public policy of discouragement or impatience with such actions. They are in fact frowned upon and must be promptly instituted.

With these observations and certainties in mind, just what is to be done with a cause of action that might have been stated as an action for malicious prosecution, and is now, after the expiration of one year from its accrual date, stated or attempted to be stated, as an unusual fraud action within the four-year limitation?

It is first observed, as is pointed out, that the petition does not contain an averment that the representations were maliciously made and that there was a want of probable cause, which are indispensable averments in an action for malicious prosecution, in accordance with the rule of *Crow* v. *Sims,* 88 Ohio St., 214, 102 N. E., 741. Plaintiff says that such are not necessary in view of his theory of his cause. This is perhaps true. However, this omission, if it be such, is of little import, for the reason that if the petition, without such averments, states a cause of action for malicious prosecution and it further affirmatively appears that the action was commenced two and a half years after the cause accrued, such action would encounter the statutory bar.

With due deference to our Supreme Court, and in our humble opinon, we think that averments of malice and want of probable cause had their origin in the common law, when malicious prosecutions could only be predicated on preferment of a groundless criminal charge. Modern practice has of course extended the cause of action to wrongful civil acts, as for example, to unwarranted attachments, and to unconscionable injunction. See *Fortman* v. *Rottier,* 8 Ohio St., 548; 72 Am. Dec., 606, and *Newark Coal Co.* v. *Upson,* 40 Ohio St., 17.

Under the code in civil pleading the rule is to plead the facts and not legal conclusions. Just what is malice in a civil sense? It is nothing more than purposely doing a wrongful act, without a justifiable excuse, which may or may not profit him who does it and injures the rights of him against whom it is directed. Plaintiff says all this in his petition with the possible exception of profit to the defendant which is readily inferable. If the representations to the court were fraudulent, if defendant's perjury activated the court action to an invasion of plaintiff's rights, then the petition's averments surely state affirmatively, rather than negatively, that defendant acted without probable cause. It follows that this court entertains the view that plaintiff has attempted to and has in fact stated a cause of action for malicious prosecution. There can be no question that he could have done so and procured full and complete satisfaction for the wrongs done him. If this be true, then the nature of plaintiff's case must be determined from the facts alleged and not his selected nomenclature.

The Legislature has declared that actions for malicious prosecutions shall be barred in one year. If one can denominate such a cause by some other name and be advantaged by a longer period of grace, then the pleader's versatility can and will defeat the rule, which public policy has dictated, that malicious prosecution instigated by whatever means shall be commenced within one year from the date the cause of action accrued.

One further comment is necessary to dispose of plaintiff's final argument. The fact that the court was without jurisdiction over plaintiff's person cannot change the rules applicable. The weight of authority is to the contrary. See *Ailstock* v. *Moore Lime Co.*, 104 Va., 565; 52 S. E., 213, 2 L. R. A. (N.S.), 1100, and

the note in 2 L. R. A. (N.S.), 1100. The institution of wrongful or fraudulent lunacy proceeding which leads to deprivation of liberty and financial loss falls, on the principles involved, into the same category as like guardianship commitments. See *Barton* v. *Woodward,* 32 Idaho, 375, 182 P., 916, 5 A. L. R., 1090, and the note appearing in 5 A. L. R., 1097.

The cause of action is barred by the statute of limitations. The judgment is affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and PUTNAM, J., concur.