## No. 7197.

### Moses Lobe vs. George W. Cary.

*In an action for slander, it is not necessary to prove any special damage suffered by the Plaintiff, when the language used against him by the Defendant, is in itself libellous.*

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers*, J.

*Joseph P. Hornor* and *W. S. Benedict* for Plaintiff and Appellant:

First—The weight of the evidence shown to be that defendant committed the slander complained of.

Second—A proper interpretation of defendant's own evidence also fully proves that fact.

Third—Evidence of special injury arising from a slander is unnecessary to show that plaintiff has sustained damages. C. C. 1934; 16 La. Rep. 389.

Fourth—Every act causing damage creates responsibility; and when its extent is not defined, or the law is silent thereon, the Court, under C. C. 21, will decide according to natural law or usage. Miller vs. Holstein, 16 L. 389.

*Percy Roberts* for Defendant and Appellee.

The opinion of the Court was delivered by

Todd, J. This is an action for slander, in which the plaintiff claims ten thousand dollars against the defendant for having called him a thief. The answer was a general denial. There was a jury trial, and from a verdict and judgment in favor of the defendant, the plaintiff has appealed.

The evidence satisfies us that the allegations of the petition were proved, and that the defendant did use the language charged with reference to the plaintiff. The defendant's testimony alone suffices to show this. This proof being made, the denunciation of plaintiff as a thief, raised a presumption of damage, and under the settled jurisprudence of this State, no special damage resulting from the language used

Godfrey vs. Soniat.

need have been proved. C. C. 1934; 14 An. 198; 16 An. 389; 3 An. 69; 11 An. 206; 6 An. 779.

From this view of the facts and the law, we think the jury should have awarded damages for some amount. We, however, though believing the verdict erroneous, are not satisfied, under the circumstances of the case, to assess the damages ourselves, but must remand the case.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this case be remanded to the Civil District Court for the parish of Orleans, which has superseded the Fifth District Court, to be proceeded with according to law, appellee to pay costs of this appeal.