Womack vs. Fudikar.

---

## No. 11,678.

### J. M. WOMACK VS. E. FUDIKAR.

The suit was brought to recover damages for an alleged malicious prosecution.

The merchant returned the price he had received for goods sold. The buyer bound himself to return them. They were delivered only about eight months afterward, and a short time after the defendant had originated a prosecution.

THE VERDICT OF TWO JURIES.—In the pending case a jury decided for the defendant.

Without assigning any reason the District Judge granted a new trial.

The second jury, after the second trial, found for the defendant.

The findings of facts by two juries must have some weight.

BURDEN OF PROOF.—The burden is on the plaintiff to prove both the want of probable cause for the prosecution against him and malice on the part of the defendant.

DESIRE TO INJURE ACCUSED —The facts from which malice is found ought to be such as to satisfy a reasonable mind that the defendant had no ground to originate the prosecution but his desire to injure the accused.

ADVICE OF COUNSEL.—The defendant sought, received and acted upon the advice of counsel. This affords strong evidence that the prosecution was entered into in good faith and without malice.

| 47 | 33 |
| 107 | 474 |

| 47 | 33 |
| 108 | 307 |

| 47 | 33 |
| 117 | 678 |

| 47 | 33 |
| 118 | 914 |
| f120 | 829 |

3

While to constitute the false pretence against an accused for obtaining money under false pretences, the pretence must relate to past events or existing facts, the same limitation and definition as to state of facts does not always prevail when the suit is for damages for an alleged prosecution.

There is high authority in support of the position that the prosecutor may act upon appearance, and if the apparent facts are such that a discreet and prudent person would be led to the belief that the accused had committed a crime, he will not be liable in a malicious prosecution, although it may turn out that the accused was innocent. 8 Otto, p. 187; Greenleaf, Vol. 2, p. 415, 10th Ed.

A PPEAL from the Fifth District Court, Parish of Ouachita. Madison, J. ad hoc.

Garrett & Munholland for Plaintiff, Appellant:

The use of criminal process to enforce a civil claim is an intolerable abuse even when the claim exists. Malice may be inferred from want of probable cause. The wanton and causeless injury of an individual is in itself a malicious act. Connell vs. Michel, 6 An. 578; American Digest (1893), p. 3103, Nos. 35, 37, 38.

Fred. G. Hudson for Defendant, Appellee:

Probable cause depends not upon the facts as they existed at the time, but upon the honest and reasonable belief of the party prosecuting. 2 Greenleaf on Evidence, Secs. 449, 455; 10 An. 537; 12 An. 53, 332; 40 An. 374; Garnier vs. Bernard, 45 An. 1265.

The opinion of the court was delivered by

BREAUX, J. The plaintiff, a farmer, sues the defendant, a merchant, for damages for an alleged malicious prosecution.

His grievance upon which he bases his claim consists in that he bought goods of the defendant merchant amounting to about sixty dollars, including a barrel of syrup, for which he paid eight dollars.

A week or two after he had bought these goods, he came from his home to Monroe, a distance of about fourteen miles.

He brought with him in a flask a sample of the syrup to see if the defendant would take it back, as it was of inferior quality.

The defendant consented to take it back and returned the eight dollars to the plaintiff. The latter at the time promised to return the syrup.

An order to deliver the syrup to Wilson Tillman was handed to the plaintiff, and by him it was sent to Tillman, who had ordered the defendant to send him a half barrel of syrup.

The plaintiff testifies that Tillman refused to receive the syrup.

In October, 1892, he was arrested under defendant's charge of having obtained money under false pretences.

After hearing, he was committed to the District Court by the District Judge, acting in the capacity of a committing magistrate.

There was no indictment, on the charge, found by the grand jury.

The defendant denies that, in making the charge, he was actuated by malice, and that he acted without probable cause.

He and witnesses, summoned by him, testified that there had been delays and failure on the part of the plaintiff to comply with the agreement to return the syrup; that he had refused to avail himself of the opportunity offered to him to deliver the syrup; and, finally, that he threateningly sent away the one to whom it was to be delivered, so that he was afraid to go back.

In September the defendant addressed a letter to the plaintiff, in which he expressed surprise at defendant's failure to deliver the syrup.

The October following, upon the advice of counsel, defendant's affidavit was made.

A short time subsequent the plaintiff delivered the syrup. It was sold by the defendant, and the buyer testified that it was good syrup.

The plaintiff was not at any time under arrest.

After he had been notified of the charge he was directed by the officer to appear before the committing magistrate.

The case was tried before a jury.

The judge of the District Court, who was the committing judge at the preliminary trial, granted a new trial, the jury having found a verdict for the defendant.

At the second trial also, the verdict was for the defendant.

THE GROUNDS OF BELIEF THAT A FELONY HAD BEEN COMMITTED.

From the judgment of the court based on the last verdict the plaintiff appeals.

Upon the state of facts proved, the defendant assumed that a felony had been committed.

It is well settled that to sustain the defendant's defence of a suit

against him for damages for an alleged malicious prosecution, the grounds of belief must be such as would influence the mind of a reasonable person. The question is not whether the accused was guilty, but the belief of the prosecutor as to his guilt.

Probable cause for instituting a criminal prosecution, Mr. Hilliard on Torts states, " is such a state of facts known to and influencing the prosecutor as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice, upon the facts within the parties' knowledge, to believe and entertain an honest and strong suspicion that the person accused is guilty."

Two juries have found that the state of facts was such as to create the belief of guilt; they must have concluded that the representations of the plaintiff and the circumstances under which the price was returned were of such a character as to lead the defendant to believe that the plaintiff was guilty of obtaining money under false pretences.

### ADVICE OF COUNSEL.

Moreover, the defendant acted upon the advice of counsel learned in law. The record discloses that he placed the facts before his counsel and acted upon his opinion.

In argument before this court counsel, after having reviewed the facts, stated that he acted under his guidance. This was also his statement as a witness in the lower court.

It therefore appears that the disclosure of the defendant to his counsel was not misleading and that the facts were not withheld from him.

Mr. Cooley, in his valuable work on Torts, 2d Ed., p. 212, says, "that when the complainant places all the facts before his counsel, and acts upon his opinion, proof of the facts makes out a case of probable cause.

"The advice must be that of a person accepted and licensed by the courts as one learned in the law and competent to be adviser to clients and to the courts."

Mr. Greenleaf announces in terms more broad than necessary to sustain the judgment of the District Court that if the party " did not withhold any information from his counsel *with the intent* to procure an opinion that might operate to shelter and protect him against a suit, but on the contrary, if he, being doubtful of his legal rights,

·consulted learned counsel with a view to ascertain them, and after- ward· pursued the course pointed out by his legal adviser, he is not liable to this action, notwithstanding his counsel may have mistaken the law." Vol. 2., p. 415, 10th Ed.

In Stewart vs. Sonneborn, 8 Otto, p. 187, a similar principle was .announced.

Judgment affirmed.