Lang vs. DeLuca.

---

No. 14,043.

EMILE JACQUES LANG vs. MR. AND MRS. VINCENT DELUCA.

SYLLABUS.

In a suit for damages for malicious prosecution, if defendant had probable cause to make the affidavits, that should end the case, for it is the rule that proof of want of probable cause and proof of malice, direct or implied, must result from the evidence adduced.

APPEAL from the Civil District Court, Parish of Orleans—*Ellis, J.*

*Armand Romain* and *E. Howard McCaleb,* for Plaintiff, Appellant.

*Fenner, Henderson & Fenner,* for Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff sues for and on behalf of his three minor

children claiming damages of defendants in the sum of $6,000.00 for malicious prosecution, illegal arrest and defamation of character of the children, following from certain affidavits made by Mrs. DeLuca against them.

One of the children was a boy about twenty years of age, the other two girls about sixteen and seventeen years respectively.

Defendants lived in a house adjoining that of plaintiff. A fence separated the premises.

At the time the trouble arose Mr. DeLuca was absent from home. He is a sea captain. His wife, with five children, was in the house. One of the children was very ill and had been for weeks.

The inmates of the house had long been annoyed by a species of petty vandalism, practiced after nightfall, such as repeated and violent ringing of the doorbell, throwing stones and mud upon the front gallery, etc.

This finally resulted in Mrs. DeLuca appearing before the Recorder's Court in the City of New Orleans, where the parties resided, and making affidavit against Henry Lang and Emily and Viola Lang, children of the plaintiff, charging them with committing the depredations referred to on the evening of March 27, 1900.

The specific charge was that the Lang children did wilfully violate the city ordinance relative to malicious michief.

The parties were not taken into custody, though warrants issued for their arrest. They were merely notified to attend in the court for trial. This they did, and the proof not being sufficient to convict, they were discharged.

Whereupon this suit for damages was institutted.

Among other allegations, it is charged that Mrs. DeLuca well knew at the time she made the affidavits that the same were false.

The defense was a general denial.

At the trial before the judge of the district court plaintiff's demand was rejected.

He appeals.

In his reasons for judgment the learned judge of the trial court held that any presumption of the want of probable cause, in preferring the charges, arising from the acquittal of plaintiff's children in the recorder's court, had been overcome by the evidence adduced before him. He was of the opinion the proof administered established prob-

able cause for the proceeding taken against the children, and that the affidavits made were made in defense and protection of affiant and to secure her home against invasion and trespass, rather than from malicious motive.

"The question," said he, "is not whether plaintiff's children were guilty of the mischief of which they were accused. I can hold them innocent and still the case is against the plaintiff."

"There can be no doubt," continued he, "that defendant's family were greatly annoyed and disturbed by somebody while one of the children was sick. The defendant (Mrs. DeLuca), the physician in attendance on the sick child, the maid servant and Mr. Jardina (next door neighbor) prove this beyond dispute."

"The gate bell was frequently rung, and dirt, brick bats, etc., were thrown on the gallery. Somebody did it; but, when any inmate of the house appeared, the mischief doer was off and not of sight. It is proved that some of these offenders ran into the plaintiff's gate and disappeared."

We find these observations of the judge sustained by the evidence.

Alphonsine Fettel, a young girl sustaining close companionship with the Lang girls, and who was visiting them on the evening in question, admitted she threw on defendant's gallery, on that occasion, two small pieces of brick, and that she threw them from plaintiff's yard.

Besides Miss Fettel, other children of the neighborhood were assembled that night on plaintiff's premises and there is no doubt the yard was the base of operations of the mischief-makers.

The witness Jardina testifies to coming home that evening at 8:30 o'clock and hearing of the annoyances to which Mrs. DeLuca was being subjected instituted a watch and saw the depredation—the violent ringing of the bell—repeated by parties who came out of the plaintiff's premises and then ran back again. He was quite sure he recognized Henry Lang and the two Lang girls as in the party and so informed Mrs. DeLuca.

She acted on the information thus imparted, and that obtained from statements made to her the next day by the Fettel girl.

She consulted her lawyer, telling him what her grounds and means of knowledge were, and on his advice made the affidavits.

There is here sufficient of probable cause. Defendant had the right to have the matter of invasion of her premises and rights investigated, and to appeal to the law for protection.

This was done on information given as to the supposed guilty parties by a credible person—Jardina, her nearest neighbor on one side, who spoke as an eye witness.

We agree with the district judge that if defendants had probable cause to make the affidavits that should end the case, for it is the rule that proof of want of probable cause and proof of malice, direct or by reasonably presumptive inference, must result from the evidence to support a suit for damages for malicious prosecution. Girot vs. Graham, 41 La. Ann. 511; Weil vs. Israel, 42 La. Ann. 955; Silbey vs. Lay, 44 La. Ann. 936; Garnier vs. Bernard, 45 La. Ann. 1265; Dearmond vs. St. Armant, 40 La. Ann. 374; Womack vs. Frediker, 47 La. Ann. 34; Brelet vs. Mullen, 44 La. Ann. 194; Enders vs. Boisseau, 52 La. Ann. 1020.

Judgment affirmed.