BRUNOT, Justice.
 

 This is a suit for damages for an alleged malicious prosecution. The prayer of the petition is for judgment in favor of the plaintiff for $40,150, with legal interest thereon and costs, and for a trial by jury. The defendant pleaded probable cause. The case went to the jury on these issues and a verdict was rendered in favor of the plaintiff and against the defendant for $1,000. A motion for a new trial was filed, heard, and overruled, and the court rendered judgment for the sum awarded by the jury and in accordance with the verdict. The court granted an order for and the defendant perfected an appeal therefrom.
 

 The plaintiff has answered the appeal and prays that the judgment be amended by increasing the amount thereof to the sum prayed for in his petition, and, as thus amended, that it be affirmed.
 

 At the outset, we will say that the trial judge, in passing upon the defendant’s motion for a new trial, gave an extraordinary reason for
 
 overruling the motion.
 
 He said:
 

 “This court is of the opinion that the verdict herein is erroneous, but the plaintiff having paid for a jury trial is entitled to his verdict and the superior court is the only one that ought to reverse it. The court is of the opinion that the defendant herein showed probable cause for the arrest of the accused.”
 

 All of the allegations in the petition, with respect to the arrest, incarceration, and prosecution of the plaintiff, at the instigation of the defendant, and of the trial and acquittal of the plaintiff are admitted. The sole question, therefore, which is presented for our consideration is a mixed one of law and fact, viz., whether or not the defendant had probable cause for the prosecution.
 

 The record discloses that the litigants are veterinarians. The defendant operates a hospital for the treatment and care of domestic animals. The plaintiff had been an employee of the defendant for about ten months preceding the date of his arrest. The duties of the plaintiff were to serve as the defendant’s hospital assistant daily from 8 o’clock in the morning until 6:30 o’clock in the evening and to be in sole charge of the hospital from 6:30 o’clock in the evening until 9 o’clock at night, at which hour the hospital was closed. The defendant left the plaintiff in charge of the hospital Saturday evening preceding the arrest and did not see him again until the following Monday. The defendant was at the hospital for a short time on the intervening Sunday and noted entries on the books of collections for office consultations made by the plaintiff on Saturday evening after the defendant had left the hospital. Upon the defendant’s arrival at the hospital on the following Monday morning he noted the absence of the plaintiff, and from information received from an employee, the nature of which was objected to and excluded from the evidence, his suspicions were aroused. Upon investigation he found that all of the plaintiff’s belongings previously kept in the hospital had been removed, and the office desk the plaintiff had occupied had been cleared. The defendant then went to the building in which the plaintiff resided. The plaintiff’s automobile was parked in
 
 *303
 
 front of the building. He found that it contained grips and other property and that it was closed and locked. He then had a policeman called. He and the officer sought admittance to the house. The landlady answered their summons and informed them that the plaintiff had checked out, but she permitted them to enter through a back door, and the plaintiff was found and arrested in the room he had occupied for a time not fixed in the testimony. After the arrest, it was ascertained that the plaintiff and another person had planned to go to Gulfport in the plaintiff’s car, and this person’s grip was taken from the car and returned to him. Certain property of small value which was identified as belonging to the defendant was also removed from the car, and, thereafter, upon the affidavit of the defendant, the plaintiff was charged with embezzlement and prosecuted upon that charge.
 

 There is conflicting testimony as to some facts of the case, but the burden of proof is upon the plaintiff, and all of the proven circumstances are against him. Prom a careful consideration of the entire record, we cannot escape the conclusion that the defendant had probable cause for the arrest and prosecution of the plaintiff.
 

 In Coleman v. Hibernia Insurance Company, 36 La. Ann. 92, the court said:
 

 “An action for damages for a malicious prosecution cannot be maintained, unless malice and want of probable cause are affirmatively shown.”
 

 In Lang v. De Luca, 108 La. 304, 32 So. 329, the court said:
 

 “In a suit for damages for malicious prosecution, if defendant had probable cause to-make the affidavits, that should end the case, for it is the rule that proof of want of probable' cause and proof of malice, direcl or implied, must result from the evidence adduced.”
 

 It is a rule of general acceptance and long standing that in actions for malicious prosecution, the defense of probable cause does not depend upon the actual state of facts, but on the honest and reasonable belief of the party prosecuting. See Sandoz v. Veazie, 106 La. 202, 30 So. 767.
 

 In Godfrey v. Soniat, 33 La. Ann. 915, the principle is announced that the acquittal of an accused does not entitle him to damages against the prosecutor if the evidence shows that there was probable cause for the prosecution.
 

 Por the reasons stated, the verdict of the jury and the judgment appealed from are avoided and reversed, the demands of the plaintiff are rejected, and this suit is dismissed at his cost in both courts.
 

 ST. PAUL, J., absent.