**Rose Brandt, Appellant, v. Lee V. Brandt, Appellee.**

**Gen. No. 40,146.**

Heard in the first division of
this court for the first district at the June term, 1938.
Opinion filed November 21, 1938. Rehearing denied December 5, 1938.

OWENS & OWENS, of Chicago, for appellant; THOMAS L. OWENS and VINCENT G. RINN, of Chicago, of counsel.

JOSEPH Z. WILLNER, of Chicago, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

In *Brandt v. Brandt*, 286 Ill. App. 151, the history of this case is given in part. The suit was brought by

plaintiff against Lee V. Brandt, her former husband, and I. Val Freedman, alleging in the first count that they had unlawfully conspired to commit plaintiff to a hospital for the insane; the second count was in the usual form, charging malicious prosecution without probable cause. When the case was tried, at the conclusion of plaintiff's evidence the court instructed the jury to find defendant Freedman not guilty, which was done; at the same time he instructed the jury that by having dismissed Freedman from the case there could be no recovery against Brandt on the conspiracy count and that the trial should proceed against him on the malicious prosecution count only; to this plaintiff made no objection; the trial proceeded against Brandt, resulting in a verdict against him of $17,500; plaintiff appealed to this court from the order that Freedman be found not guilty, and in our opinion in 286 Ill. App. 151, we considered only that order, which we affirmed.

On motion the trial court set aside the verdict of the jury against Brandt and granted a new trial. When the case again came up for trial defendant withdrew his plea of the general issue and filed a motion to dismiss on the ground that the findings of fact in our former opinion in the Freedman case disposed of the decisive questions of fact alleged in plaintiff's second count, with special reference to there being probable cause for the institution by defendant Brandt of the proceedings in the county court to have plaintiff declared insane. The trial court sustained the motion and dismissed the suit and plaintiff appeals.

The motion to dismiss because of insufficiency of the complaint was in the nature of a demurrer, and all facts well pleaded in the complaint are taken as true. *Joliet Trust & Savings Bank v. Ingalls,* 276 Ill. App. 445. On this technical ground the motion should have been denied.

The motion inartificially attempts to set up a ·plea of former adjudication. While the plea is inept in this respect, we have considered it as properly raising the question of former adjudication.

While something is said in the briefs touching the first or conspiracy count, plaintiff in her reply brief states that she submits the question in this court upon the issue raised by defendant's motion to dismiss the second count. Plaintiff's second count states a good cause of action. It alleges that Brandt falsely and maliciously and without probable cause caused a sworn petition to be filed in the county court of Cook county alleging that plaintiff was insane and unsafe to be at large and that she should be committed to some hospital or asylum for the insane; that on hearing the county court quashed said petition; that subsequently another sworn petition alleging the same matters was filed in the county court of Cook county; that plaintiff was taken into custody by an officer of the law and confined in jail and in the psychopathic hospital for a long space of time; that subsequently, after hearings were had, the county court quashed the writ and ordered the petition dismissed.

Did our opinion in the Freedman case decide questions of fact which compelled dismissal of plaintiff's complaint of malicious prosecution against Brandt? Examination of the abstract filed in that case shows that after the order was entered dismissing Freedman considerable testimony was taken touching the charges of malice against Brandt. In our opinion we expressly stated we did not consider any of this evidence but had under consideration only the evidence received up to the close of plaintiff's case. Reading the opinion shows clearly that we were passing only upon the evidence touching Freedman and not upon that touching the conduct of Brandt. We held the evidence showed the proceedings were in conformity with the statute

and that Dr. Freedman had no ulterior motive in making the statements made by him—that he acted in good faith. We held the evidence failed to show defendant Freedman guilty under either count of the complaint and affirmed the judgment of the trial court as to him.

Defendant argues on the present appeal that when we held Dr. Freedman acted in good faith and from no ulterior motive, it was in effect a finding that defendant Brandt acted in the same way. This does not necessarily follow. Our opinion indicates there was a background of hostility between the parties. Plaintiff had obtained a decree of divorce from defendant for his fault; she was awarded custody of the two children; he was found in contempt of court for failure to pay an award to plaintiff for support of the children and for failure to return certain personal effects, and was sentenced to the county jail for six months for contempt of court. Another woman was in the background. There were circumstances tending to show a feeling of hostility on the part of defendant toward plaintiff and a situation fertile to produce malicious conduct on his part. Nothing of this would affect Dr. Freedman. Brandt could have maliciously instituted the insanity proceedings regardless of the motives and good faith of Dr. Freedman.

The whole argument of defendant upon this appeal seems to be based upon the proposition that because the insanity proceedings were regular in form and one of the parties acted according to his honest belief, there could be no malice on the part of the other party. As we have indicated, this does not follow. Cases cited by defendant are not helpful. In *Carboni v. Bartlett,* 290 Ill. App. 351, the controlling fact had been adjudicated in a former suit between the same parties. And in *Hooper v. General Elec. X-Ray Corp.,* 283 Ill. App. 174, 181, the opinion held that the ques-

tion of laches had been adjudicated in a prior proceeding between the identical parties.

Maliciously filing a complaint charging a person with being of unsound mind, upon which such person is arrested and restrained of his liberty, constitutes an action for malicious prosecution. *Lindsay v. Woods* (Tex. Civ. App.), 27 S. W. (2d) 263; *Pickles v. Anton,* 49 N. D. 47.

When the trial court in the first instance set aside the verdict for plaintiff against Brandt, she was entitled to another trial. We hold that the present order dismissing her suit must be reversed, and the cause is remanded to be tried.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.