McCALEB, Justice.
 

 This is a suit to recover damages for malicious prosecution. The substance of plaintiff’s claim is that he was arrested on September 29, 1941, at the instance of his employer, Railway Express Agency, Inc., acting through its investigator, A. M. Posey, and charged with the embezzlement of various articles of merchandise; that, after a trial in the Criminal District Court, he was found not guilty by a jury; that the prosecution was malicious and unjust and that, as a result, he has been damaged in the sum of $23,000 for which the defendants, Railway Express Agency, Inc. and A. M. Posey, are liable insólido.
 

 The defendants resisted the demand on the ground that the charges made against plaintiff were without malice and based on probable cause.
 

 After s trial in the District Court, there was judgment m tavor of the defendants dismissing the suit. Plaintiff has appealed.
 

 We find the facts of the case to be as follows: During the early part of 1941, Railway Express Agency received claims from various shippers in New Orleans for merchandise which had never been received by the consignees. Briefs on these claims were sent to Mr. A. M. Posey, a special agent for Railway Express whose office is in Memphis, Tennessee, and he came to New Orleans where he conducted an investigation for the purpose of ascertaining the reason for the losses. With the assistance of various records, Mr. Posey was able to determine that the shipments were probably disappearing during transfer from the Terminal Station to the Texas and Pacific Railroad Station and, since plaintiff and one Powell were chauffers of the ■ Company’s trucks on that particular route, they were brought under suspicion. However, the efforts of Mr.
 
 *1043
 
 Posey produced no definite results; no action was taken either by him or other officials of Railway Express and he returned to Memphis.
 

 Subsequently, in March, a salesman for Buckman & Company of New Orleans, one of the firms making claim for lost shipments, spotted a bolt of goods in the window of “Handy Tailors”, Erato and Rampart Streets, which he identified as part of a shipment from his Company for which claim had been made. He immediately contacted officials of Railway Express and they reported the fact to the police. The police made an investigation which resulted in the arrest of the proprietress of “Handy Tailors”. She informed them that she had purchased the bolt of goods, and others of the same kind, from a Mr. Edward Feinmann, the operator of a store on Dryades Street, and had paid for them by check. Thereupon, the police contacted Feinmann, who admitted that he had sold the goods to the lady but claimed that he bought them from a Negro and had no idea that they were stolen. Feinmann was then arrested and charged with receiving stolen property. There were no further developments in the matter until the month of September, during which Feinmann’s case was fixed for trial. Shortly before the appointed day the police, with the knowledge and approval of Railway Express, contacted Feinmann’s attorney and proposed that, if Feinmann would name the person who sold him the stolen goods, the District Attorney would agree to nolle prosequi the charge against him. At that time (September 25, 1941), Captain William G. Bell, Acting Chief of Detectives of the New Orleans Police Department, telegraphed to Mr. Posey in Memphis as follows: “Your presence urgent this city Monday September 29 reference case pending reply immediately.” On the morning of September 29th, Mr. Posey arrived in New Orleans and contacted the police. He went with them to the office of Feinmann’s attorney and, thereafter, Feinmann made a written confession in which he named plaintiff as the person from whom he had bought various stolen merchandise.
 

 In the early afternoon of the same day, plaintiff was arrested at his home and brought to the First Precinct Station. He claims that he was immediately taken into a yard, v^here he was administered a severe beating; that, to save himself, he signed various confessions which were already prepared and that he signed these confessions while he was standing, using Mr. Posey’s briefcase as a support.
 

 On the other hand, the detectives and Mr. Posey testified that plaintiff was incarcerated in the precinct station and, on the following morning, he indicated that he wanted to talk to Posey alone; that, at that time, he made a verbal confession to Posey; that, later on the same day (September 30th), he was taken to the Second Precinct Station where he dictated eleven written confessions (a separate con
 
 *1045
 
 fession for each lot of merchandise allegedly stolen by him). Plaintiff was thereafter tried and acquitted. This suit followed.
 

 After a perusal of the evidence, we have no hesitancy in concluding that plaintiff has utterly failed to make out a case of malicious prosecution and that the District Judge did not err in dismissing his suit. The jurisprudence in these cases is firmly established and it has been many times stated and reiterated that an action for malicious prosecution will not lie unless there is a concurrence of the presence of malice and the absence of probable cause. In the recent case of Eusant v. Unity Industrial Life Ins. etc. Ass’n, 195 La. 347, 196 So. 554, 556, we said: “This court in the early case of Barton v. Kavanaugh, 12 La.Ann. 332, held that the plaintiff must not only prove malice, but must also show that there was no probable cause for the prosecution. Both must concur. This rule of law has never been deviated from, the latest expression to that effect being found in the case of Urbanek v. Moore, 179 La. 300, 154 So. 4. See, also, Womack v. Fudikar, 47 La.Ann. 33, 16 So. 645; Mosley v. Yearwood, 48 La.Ann. 334, 19 So. 274; Lang v. De Luca, 108 La. 304, 32 So. 329; Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572; Graham v. Interstate Electric Co., 170 La. 392, 127 So. 879.”
 

 Probable cause does not depend upon the actual state of the case in point of fact, “but upon the honest and reasonable belief of the party prosecuting”, Sandoz v. Veazie, 106 La. 202, 30 So. 767, 773, and the burden is on plaintiff to prove want of probable cause for the prosecution. Graham v. Interstate Electric Co., supra.
 

 We find it difficult, in our examination of plaintiff’s brief, to discern the basis of his complaint in view of the record. It seems to be pitched on the idea that, since the defendants cannot definitely show by evidence, independent of the confessions and Feinmann’s statement that the stolen merchandise came into his hands, probable cause did not exist. Then, too, counsel lays great stress on plaintiff’s evidence that he was severely beaten by the detectives and Mr. Posey, as corroborated by photographs and medical testimony showing that he had sustained contusions and bruises of the body.
 

 However, three detectives and Mr. Posey deny that plaintiff was maltreated and the eleven confessions offered in evidence contain information and statistics, concerning members of plaintiff’s family, which could not have been obtained by the detectives or the Railway Express Company in advance of the signing of the confessions. This circumstance has the effect of weakening plaintiff’s testimony that the confessions were already prepared at the time that he signed them; that he did not know the contents and that he furnished the officers no information whatever.
 

 But, even if it be conceded that the confessions were involuntary, plaintiff fails
 
 *1047
 
 to show lack of probable cause for the prosecution as there remains the testimony of Feinmann and his wife that plaintiff is the man from whom the stolen goods were purchased. There can be no doubt at all that someone stole merchandise from the Express Company while in transit. This, plus the direct evidence of the person found in possession of the stolen property that plaintiff is the culprit, fully warranted the defendants in assisting the police in his prosecution.
 

 The judgment is affirmed.