Plaintiff claims of defendants damages in the sum of $285, alleging that, with malice and without probable cause, they reported to the coroner of the Parish of Orleans that plaintiff was insane and should be committed to an institution, and that one of them signed the "commitment book" in the coroner's office and thus instituted the proceeding, as a result of which plaintiff was "arrested, imprisoned, battered, assaulted, defamed, embarrassed, humiliated," and because of which plaintiff also sustained "loss of wages, time, face, prestige, and health." Plaintiff also alleges that she was taken from her home by police and was imprisoned in the City Hospital for Mental Diseases from 9:30 A.M. on January 2, 1948, until 2:45 P.M. on January 7, 1948; that during that time "she was stuck with needles, had her hair clipped and was confined to the premises."
Defendant filed answer which we construe to be a general denial, but in answer to the special charge that their actions had resulted from malice and that they had no probable cause for having her committed, defendants averred that those allegations were irrelevant and immaterial.
The case was tried in the First City Court of the City of New Orleans and there was judgment dismissing plaintiff's suit. The matter is now before us on appeal.
The facts surrounding the initiation of the commitment proceeding are not seriously in dispute or are overwhelmingly shown by the evidence.
Plaintiff is a Negro woman forty years of age and is an aunt of the defendant, Arnold Herbert. Alice Herbert, the other defendant, is the wife of Arnold Herbert. For reasons which we shall hereafter discuss, defendants reported to the coroner that in their opinion plaintiff was of unsound mind, was hearing voices, was beating on the walls of her dwelling, and commiting other unusual acts which indicated that she should be committed to an institution. The coroner explained that someone had to sign the "commitment book" as his authority for having plaintiff brought in, committed and confined for examination. Thereupon Arnold Herbert signed the book, and as a result, plaintiff was arrested by police and committed for examination as alleged.
During the five days she spent in confinement, she was subjected to various experiences, no doubt necessary in the examination, but which were undoubtedly painful and humiliating to any person of sound mind. After the completion of the examination, the coroner reported that plaintiff was not insane and she was discharged from custody. This suit has resulted.
We have no doubt that no liability results where a person, especially a relative, in good faith, that is to say, without malice and with probable cause, reports to the coroner or other proper officer that it appears that someone is of unsound mind and if left at large will be a menace to him or herself or to others.
We have also no doubt, on the other hand, that where there is no probable cause to believe that such a course is necessary and the action results from malice, the person making the report is responsible for the commitment, the humiliation and the embarrassment, and that there may be recovery from such person.
We have found no cases in Louisiana in which a claim for damages has been based on a malicious commitment for insanity or mental examination, but it seems to be well settled elsewhere that even though a proceeding on which a suit for damages is based is, by nature, civil rather than criminal, nevertheless a suit for damages may be based thereon.
In Vol. 54, Corpus Juris Secundum, Malicious Prosecution, § 11, subsec. c, page 962, it is stated that
"civil proceedings * * * may be the basis of an action for malicious prosecution." *Page 831 
Note the following:
"* * * The rule has been applied also to contempt proceedings; to inquisitions of lunacy; * * *."
In Pickles v. Anton, 49 N.D. 47, 189 N.W. 684, the Supreme Court of North Dakota, according to the syllabus held:
"An action will lie in this state for the malicious prosecution, without probable cause, of a proceeding the object of which is to have a person adjudged insane and committed to the state insane asylum."
In Brandt v. Brandt, 297 Ill. App. 306, 17 N.E.2d 535, 537, the Appellate Court of Illinois, First District, held that:
"Maliciously filing a complaint charging a person with being of unsound mind, upon which such person is arrested and restrained of his liberty constitutes an action for malicious prosecution."
The Court in that case cited Pickles v. Anton, supra, and Lindsay v. Woods, Tex. Civ.App., 27 S.W.2d 263.
In Straka v. Voyles, 69 Utah 123, 252 P. 677, damages were awarded for malicious prosecution where lunacy proceedings were instituted against the plaintiff without probable cause.
While, as we have already said, no Louisiana case based on a proceeding of this kind has been cited by counsel or discovered by us, we feel certain that if, as a result of any such proceeding, whether it be criminal or civil, a person is deprived of liberty and is subjected to embarrassment and humiliation, a suit for damages may be based thereon.
We conclude that the only question to be considered is whether or not the defendants here were justified in initiating the proceedings which resulted in the commitment of plaintiff and in the suffering, humiliation and embarrassment which ensued, and we have no doubt that the burden rests upon the plaintiff to prove that defendants acted without probable cause and with malice.
The rule concerning the burden of proof in such cases is stated as follows by the Supreme Court in Eumont v. Railway Express Agency, 213 La. 1040, 36 So.2d 30, 31.
"* * * The jurisprudence in these cases is firmly established and it has been many times stated and reiterated that an action for malicious prosecution will not lie unless there is a concurrence of the presence of malice and the absence of probable cause. In the recent case of Eusant v. Unity Industrial Life Ins., etc., Ass'n, 195 La. 347, 196 So. 554, 556, we said: 'This court in the early case of Barton v. Kavanaugh, 12 La. Ann. 332, held that the plaintiff must not only prove malice, but must also show that there was no probable cause for the prosecution. Both must concur. This rule of law has never been deviated from, the latest expression to that effect being found in the case of Urbanek v. Moore,179 La. 300, 154 So. 4. See, also, Womack v. Fudikar, 47 La. Ann. 33, 16 So. 645; Mosley v. Yearwood, 48 La. Ann. 334, 19 So. 274; Lang v. De Luca, 108 La. 304, 32 So. 329; Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572; Graham v. Interstate Electric Co., 170 La. 392, 127 So. 879.'
"Probable cause does not depend upon the actual state of the case in point of fact, 'but upon the honest and reasonable belief of the party prosecuting', Sandoz v. Veazie,106 La. 202, 30 So. 767, 773, and the burden is on plaintiff to prove want of probable cause for the prosecution. Graham v. Interstate Electric Co., supra."
It seems to us that the judge a quo labored under a misunderstanding of some kind as to the issue which was presented. At several points in the record it appears that he interrupted the taking of testimony to remark that all the parties are related to one another and that they are all colored, and after it appeared that they were all related and were all colored, he said:
"* * * these are colored people, and it's a question of whether it belongs in this court or not."
The evidence leaves us without the slightest doubt that the defendants acted with malice and that they had no real reason to believe that the plaintiff should be committed.
The record shows that the plaintiff and the defendants lived in a double house, which they rented from a white landlady, and that this landlady had been attempting *Page 832 
to eject the defendants because of constant nuisances and disturbances resulting from troubles between the defendants and plaintiff. One of these ejectment proceedings was docketed for trial in this court and was to be heard on appeal "de novo" shortly after these commitment proceedings were commenced, and the record leaves us with the belief that the purpose of defendants in commencing these proceedings was to make certain that the plaintiff could not testify in that case. These and other facts, which appear in the record, leave us with the conclusion already announced that defendants acted with malice and had no probable cause for believing that plaintiff should be committed.
In a case of this kind it is most difficult to place a money value upon the loss, suffering, humiliation and embarrassment sustained by a plaintiff. We must take into consideration the social status of the parties who are involved. With a full appreciation of the provision in our Declaration of Independence that "all men are created equal," we say this because there can be no doubt that what may cause tremendous embarrassment and humiliation in one case may be almost entirely overlooked in another.
We have given consideration to several cases in which awards have been made for humiliation and embarrassment caused by malicious prosecution or false imprisonment. In Sargent v. Polar Bar Ice Cream Co., Inc., La. App. 196 So. 541, we allowed only $150, but there the plaintiff was arrested without any unusual noise or disturbance, and there was no crowd congregated. In fact, plaintiff was permitted to complete the sales which he was negotiating with two customers. He was put into a cell for an hour and a half and then transferred to another precinct station where he was not put into a cell, and where he remained only about fifteen or twenty minutes before making bond and being released.
In Barrios v. Yoars, La. App., 184 So. 212, there were no aggravating circumstances and no actual incarceration, and $200 was allowed. In Buchert v. Schumacher, 166 La. 111,116 So. 718, $200 was allowed, but there was never any actual arrest. In Campbell v. Deville, 163 La. 575, 112 So. 491, only $100 was allowed, but there was only a constructive arrest. The plaintiff was never taken into custody. In Hunter v. Laurent,158 La. 874, 104 So. 747, only $200 was allowed, but it was shown that the plaintiff was not arrested by police. He heard that a warrant had been issued for his arrest and he voluntarily surrendered and remained in custody from eight to ten hours when he was released on bond.
Taking these awards into consideration and bearing in mind that here plaintiff was confined in the hospital for five days and was required to submit to more or less painful operations which were necessary in the examination, we think that the amount asked by plaintiff ($285) is not excessive.
The judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of plaintiff and against defendants solidarily in the full sum of $285, with legal interest from judicial demand, and for all costs.
Reversed.