197 So.2d 386 (1967)
Alva G. BLANCHARD et al., dba the Inferno Company, Plaintiffs-Appellants,
v.
EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., et al., Defendants-Appellees.
No. 10766.
Court of Appeal of Louisiana, Second Circuit.
March 22, 1967.
*387 Abramson, Maroun & Kaplan, Shreveport, for appellants.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, Kalford K. Miazza, Kent Satterlee, Jr., New Orleans, Cook, Clark, Egan, Yancey & King, Shreveport, for appellees.
Before HARDY, GLADNEY and AYRES, JJ.
GLADNEY, Judge.
Plaintiffs instituted this action to recover attorneys' fees, expenses and business loss allegedly sustained in defending certain damage suits which, it is averred, were filed "without probable cause and * * * were willfully and negligently instituted." In defense, opponents have filed multiple pleas and exceptions. An exception of no cause or right of action was sustained by the trial court and plaintiffs have appealed.
The question of whether or not the exception was properly sustained is the sole issue presented by the appeal. Consideration of the question requires reference to the petition, the pertinent part of which sets forth that:
"Under date of July 19, 1957 the defendant, Gulf Natural Gas Corporation, instituted suit # 131,191 on the docket of *388 the First Judicial District Court, Caddo Parish, Louisiana entitled `Gulf Natural Gas Corporation vs Alva G. Blanchard, dba The Inferno Company', seeking to recover damages in the amount of $29,683.55 and praying for trial by jury, the pleadings in the aforesaid action being made a part hereof solely for the purpose of showing the contents thereof;
"Under date of July 25, 1957 the defendant, Employers Liability Assurance Corporation, Ltd., instituted suit # 131,234 on the docket of the First Judicial District Court against petitioners, seeking to recover damages, the proceedings in the aforesaid suit being made a part hereof by reference solely for the purpose of showing the contents thereof;
"As will appear from the allegations set forth in the petitions filed in the above actions, these claims arose out of an explosion that occurred in a plant owned and operated by Gulf Natural Gas Corporation;
"As will be further noted from the above mentioned pleadings, the basis of defendants' claims as against plaintiffs herein was alleged defects in a safety valve manufactured and sold by plaintiffs to Gulf Natural Gas Corporation;
"The above actions were tried by jury and in each instance the demands of the plaintiff were rejected;
"As the result of the institution of these actions petitioners were compelled to employ attorneys and engineers and incurred expenses in the defense totaling the sum of $12,942.30 as shown on the statement attached hereto, together with other expenses totaling the sum of $1,500.00, and has suffered a loss of business in the amount of $11,500.00;
"Defendants in the institution of the above actions were without probable cause and said actions were willfully and negligently instituted against plaintiffs;
"The defendants in the institution of the above actions were negligent in that they failed to use reasonable care in inquiring into and determining the facts and circumstances surrounding the occurrence of the explosion involved;
"By the use of reasonable care and by making only casual inquiry, defendants could and should have ascertained prior to the institution of said actions that the explosion was caused by the negligent design, construction and operation of the Gulf Natural Gas Corporation plant;
"A casual inquiry and investigation by the defendants prior to the institution of the above actions would have revealed the following:
"The piping of the discharge from the safety relief valve involved was improper in that it was designed to discharge into the vessel that ruptured instead of being discharged to atmosphere;
"The compressor engine involved was not equipped with the usual safety devices so as to shut off the operation of said compressor in the event of excess pressure.
"That excess pressure sufficient to have resulted in the explosion could not have been developed had the intake and discharge valves of such compressor been properly operated."
The exception is predicated upon the following pertinent averments:
"* * *
"(d) That exceptor filed its suit without malice and plaintiffs' petition does not so allege;
"(e) That this type of suit has no sanction in law and it without any legal basis or foundation."
"* * *"
It is required of the petition asserting a judicial demand that it include a statement of the object of the demand and of the material facts upon which the cause of action is based. LSA-C.C.P. Art. 891. Conclusions of the pleader or conclusions *389 of law do not sustain an exception of no cause of action. Hamilton v. City of Shreveport, La.App., 180 So.2d 30 (2nd Cir.1965, Cert. den.). The exception of no cause of action must be determined from the contents of the petition and attached documents, if any, without evidence dehors. The court should only sustain the exception when all of the well-pleaded facts, taken as true, do not state a cause of action. Beasley v. Guerriero, La.App., 123 So.2d 774 (2nd Cir. 1960), 86 A.L.R.2d 703. The petition should be construed most favorably to plaintiff's cause of action and not sustained unless the allegations exclude every possible hypothesis of admissible facts other than those negativing plaintiff's right to recover. Stanley v. Missouri Pacific Railway Company, La.App., 179 So.2d 490 (3rd Cir. 1965).
Plaintiffs' petition plainly discloses petitioners are aggrieved because of expenses and losses incurred in the defense of the damage suits referred to in which their business concern, The Inferno Company, was a respondent. The declaration of plaintiffs' cause of action states the suits were successfully defended after extended and expensive litigation. In order to recover damages for maliciously prosecuting a suit, civil or criminal, it must be proven the action was instituted with malice and without probable cause.
The allegations of the petition in effect declare no more than claimants, acting through their counsel, proceeded without due care and skill, and as a consequence thereof, appellants were occasioned unnecessary expense, and therefore, in the absence of charges that said parties were motivated with malice and acted without probable cause, appellants have failed to state a cause of action.
Actions for malicious prosecution, especially those of a civil nature, have never been favored and in order to sustain them a clear case must be established as where justice has been perverted for the gratification of private malice. This observation was made by the Supreme Court of this state in Eusant v. Unity Industrial Life Insurance, 195 La. 347, 196 So. 554 (1940) wherein our law was summarized:
"`An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. * * *' 38 Corpus Juris 386, section 5.
"This court in the early case of Barton v. Kavanaugh, 12 La.Ann. 332, held that the plaintiff must not only prove malice, but must also show that there was no probable cause for the prosecution. Both must concur. This rule of law has never been deviated from, the latest expression to that effect being found in the case of Urbanek v. Moore, 179 La. 300, 154 So. 4. See, also, Womack v. Fudikar, 47 La.Ann. 33, 16 So. 645; Mosley v. Yearwood, 48 La.Ann. 334, 19 So. 274; Lang v. DeLuca, 108 La. 304, 32 So. 329; Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572; Graham v. Interstate Electric Co., 170 La. 392, 127 So. 879.
"It is the settled jurisprudence of this court that `"Where a party has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie;" and a fortiori is this the case where the counsel consulted is the *390 public prosecutor.' Sandoz v. Veazie, 106 La. 202, 30 So. 767. `Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting.' Graham v. Interstate Electric Co., supra (170 La. 392, 127 So. [879] 880). See, also, Staub v. Van Benthuysen, 36 La.Ann. 467; Enders v. Boisseau, 52 La.Ann. 1020, 27 So. 546; Morgan v. Illinois Central R. Co., 117 La. 671, 42 So. 216."

[196 So. 554, 556]
In the instant case there are no direct nor postive averments to show the defendants in instituting the damage suits aforesaid were actuated by malice. Furthermore, in the absence of affirmative allegations to the contrary, the claimants will be presumed to have acted on advice of counsel and not without probable cause.
For the reasons hereinabove stated, the judgment from which appealed is affirmed at appellants' cost.