GULOTTA, Judge.
This appeal is from a judgment maintaining defendants’ exceptions of no cause and no right of action and dismissing plaintiff’s action for wrongful intrusion and slander.
The petition alleges that plaintiff rented an apartment in the rear of her residence to defendant, Joyce Ludwig, on a month-to-month basis in the sum of $100.00 per month, payable in advance. The lessee failed to pay the rent due for the month of August. Plaintiff thereafter seized, without the benefit of judicial process, a stereo set belonging to lessee in execution of her lessor’s privilege for rent due and for various sums expended in making the apartment suitable for new tenants.
Thereafter, the lessee and her attorney, Gerald T. LaBorde, lodged a complaint with the New Orleans Police Department against plaintiff for the theft of the stereo. In furtherance thereof, defendants, lessee and her attorney, accompanied by police, went to plaintiff’s residence in order to effect her arrest. As a result of the actions of both defendants in seeking criminal redress and in making allegedly slanderous accusations, plaintiff is seeking damages.
The question before us is, assuming all of the allegations in the petition are true, did the petition state a cause of action? It is well established that for the purposes of an exception of no cause of action, all allegations must be taken as true. Succession of Williams, 124 So.2d 924 (La.App. 4th Cir. 1960); Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Bourgeois v. Ducos, 182 So.2d 539 (La.App. 1st Cir. 1966). The jurisprudence is also clear that if the petition sets forth a right and a cause of action in any respect, the exception must be overruled. Burns v. Genovese, supra; Bourgeois v. Ducos, supra, 182 So.2d at 544; People’s State Bank v. St. Landry State Bank, 50 La.Ann. 528, 24 So. 14 (1898).
We have paraphrased in part and quoted in part the pertinent portions of the petition upon which plaintiff relies.
Plaintiff alleges that the' facts were made clear to Miss Ludwig by plaintiff that she was exercising her lessor’s lien privilege and right of pledge in removing the stereo from the tenant’s residence to her own. When threatened by lessee’s attorney with a criminal charge and arrest for theft, plaintiff’s attorney wrote defendant, LaBorde, by certified mail explaining that plaintiff was not claiming ownership of the stereo set, but was merely exercising her right to retain it as lessor and that the entire matter could be amicably discussed.
Plaintiff further alleges that although defendants .were aware of the contents of the letter, LaBorde nevertheless went to the Police Station and informed officers there that plaintiff had stolen the stereo or obtained it by criminal means. The officers then accompanied Miss Ludwig to plaintiff’s home informing her that they were arresting her. Plaintiff showed the officers a copy of the letter her attorney had written LaBorde explaining that she was merely exercising her right of pledge. After phonirig their legal adviser, the officers desisted from further action.
*247 Plaintiff’s petition also alleged:
“At this juncture, defendant LaBorde arrived, and, despite having been shown Miss Ludwig’s N.S.F. check and with full knowledge of plaintiff’s legal posture, as per her counsel’s letter, nevertheless, persisted in attempting to have her arrested and jailed as a thief. * * * Ü
Plaintiff avers that she is 72 years old, is not in the best of health and has arthritis. She was frightened and humiliated by the intrusion of the police officers and defendants into her home and was seriously shocked when told by the officers she was charged with a crime and was to be arrested and taken to jail. The slanderous accusations, she alleges, which defendants made against plaintiff injured her reputation. Friends and neighbors heard of the charges against her.
The petition continued:
“Defendants, Miss Joyce E. Ludwig, and her attorney, Gerald T. LaBorde, acted with illegal, reckless, wanton disregard of plaintiff’s rights and privileges; they were in utter bad faith and lacked any reasonable basis or necessity for their outrageous high-handed conduct. They were, therefore, guilty of malice in contemplation of the law if not in fact.
“Furthermore, they slandered plaintiff and injured her reputation with their false statements and accusations by resorting to criminal, rather than civil, process to pressure her into surrendering property to whose possession she was legally entitled. * * * ”
Defendants, in support of their exceptions of no right and cause of action argue that a lessor has no right to remove the property of a tenant and take possession of the premises without resort to legal action. They insist they had the right to enlist the assistance of the authorities to regain the tenant’s property.
In answer to defendants’ contention, plaintiff relies on LSA-C.C. art. 2705 which provides:
“The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased. * * * ” (emphasis ours)
as well as LSA-C.C. art. 2707:
“This right of pledge affects, not only the movables of the lessee and underles-see, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, express or implied.”
However, whether or not plaintiff rightfully or wrongfully exercised her right of pledge or lessor’s privilege is not the issue here. Rather, we must determine whether plaintiff stated a cause of action for damages under LSA-C.C. art. 2315.
Under our jurisprudence as reflected by Buisson v. Prestia, 45 So.2d 531 (La.App.Orl.App.1950) the rule is that the initiating of a criminal charge without probable cause constitutes a malicious act which will support a civil action for damages.
That court stated on page 533:
“That the defendant was actuated by malice is also an inference which may be drawn from proof of the lack of probable cause.
"In our opinion the filing of an affidavit in the Municipal Court, charging plaintiff with petty larceny, for the purpose, as admitted by defendant, or compelling the person prosecuted to pay a debt or to turn over property in his possession, constitutes a malicious act such as will support an action for malicious prosecution.” (emphasis ours)
The basis of plaintiff’s complaint in the instant matter is similar to that in Buisson. The petition clearly alleges that the actions ,of the defendants were without probable *248 cause and with malice. Moreover, plaintiff claims the defendants resorted to the use of a criminal charge to enforce a civil obligation. This constitutes an intolerable abuse, according to the court, in the early case of Cannell v. Michel, 6 La.Ann. 577, 578 (Orl.1851):
" * * * The use of criminal process to enforce a civil claim, is an intolerable abuse, even when the claim exists. But if the claim is unfounded, it shows a recklessness of the rights and character of others which amounts to malice.
"It is true, as contended, that to support an action for damages for a malicious prosecution, both the want of probable cause for the prosecution, and malice, must be proved. But the malice may be inferred from the entire want of probable cause. The wanton and causeless injury of an individual is in itself a malicious act.
“The criminal proceedings instituted by the defendant against the plaintiff, were so entirely without cause that they were malicious.” (emphasis ours)
See also Eumont v. Railway Express Agency, 213 La. 1040, 36 So.2d 30, 31 (1948).
The above cited cases involve actions in malicious prosecution and while the language in the petition herein does not label the complaint as one in malicious prosecution or false arrest,[1] it nevertheless appears that plaintiff has stated a cause of action either for malicious prosecution or slander,[2] or both.
Defendants assert that plaintiff alleges a cause of action for wrongful intrusion and there is no creature in law that affords a right to recovery. However, we are .convinced that so long as plaintiff states a cause of action for damages under LSA-C.C. art. 2315, any label given that action by plaintiff will not deprive her of her right of action. This position is convincingly explained in Acme Stores v. Better Business Bureau, 225 La. 824, 74 So.2d 43 (1954) wherein the Supreme Court reversed the trial court’s dismissal of a suit for libel and slander also on an exception of no cause of action (and prescription). We find the language employed in that case at pages 45 and 46 appropriate to our situation:
“In the present case the action is one for libel and slander and whereas the allegations relating to the affidavit filed against the plaintiff are, properly speaking, allegations forming a cause of action for malicious . prosecution, it isn’t necessary, in order to support the petition, to make a distinction between those two actions. The suit is essentially one for damages caused by an alleged ’fault’ on the part of the defendants and under the terms of Article 2315 of the LSA-Civil Code, they are obliged to repair *249 the damage upon due proof of their alleged act and the damage occasioned thereby.” (emphasis ours)
Therefore, applying the rule of Acme to plaintiff’s petition, plaintiff’s suit is “essentially one for damages caused by an alleged ‘fault’ on the part of the defendants”, and defendants are obliged under LSA-C. C. art. 2315 to repair the damage upon sufficient proof being offered.
Accordingly, the judgment of the trial court sustaining defendants’ exceptions of no right and cause of action and dismissing plaintiff’s suit is reversed and set aside. The case is remanded for further proceedings consistent with the above.
Reversed and remanded.

. In Tillman v. Holsum Bakeries, Inc., 244 So.2d 681, 682 (La.App. 1st Cir. 1971) application denied, 258. La. 352, 246 So.2d 199, the court distinguished between false imprisonment and malicious prosecution :
“In a case of allegedly wrongful detention, to recover damages a plaintiff must show either (1) that ‘the arrest was made either without any legal process or warrant or under a warrant void and null on its face’, or (2) that ‘the proceedings are had in pursuance of legal process maliciously, and wrongfully obtained.’ The former case is usually described as false imprisonment ; the latter, as malicious prosecution.”

. In Babin v. Blanchard, 185 So. 641 (La.App. 1st Cir. 1939), the court said in an action for slander, the question of probable cause is to be determined by considering the circumstances at the time the accusation was made. Moreover, a presumption of damage arises when one charges that another is a thief. Mallerich v. Mertz, 19 La.Ann. 194 (1867); Lobe v. Cary, 33 La.Ann. 914 (1881). The mere calling a person “a thief” has been held to be slanderous per se. Fitzpatrick v. Zedaird Realty Co., 10 La.App. 306, 121 So. 680 (1929). See also: Lamartiniere v. Daigrepont, 168 So.2d 370 (La.App. 3rd Cir. 1964); Edwards v. Derrick, 193 La. 331, 190 So. 571 (1939).