I ¿DOWNING, J.
Appellant Eugene Ferrant appeals the judgment of the 21st Judicial District Court, Parish of Tangipahoa, the Honorable Bruce C. Bennett, presiding, granting a motion for summary judgment in favor of the defendants, Jewell Chatellier, Sheryl Chatellier, Melba Burns and Rene’ Martin, and dismissing his petition for damages. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

On July 16, 1997, Eugene Ferrant (Fer-rant) was taken into custody by Deputies of the Tangipahoa Parish Sheriffs Department under the authority of a Protective Custody Order issued by the Tangipahoa Parish Coroner’s Office under LSA-R.S. 28:58.2. The issuance of the order was based on statements submitted to the Coroner’s office by Sheryl Chatellier (Sheryl), ex-wife of Ferrant; Jewell Chatellier, Sheryl Chatellier’s present husband; Melba Burns, Jewell Chatellier’s mother and step-grandmother of B.F., minor daughter of Ferrant and Sheryl; and Rene’ Martin, the sister of Ferrant.
Defendants alleged in their statements that Ferrant was a danger to others. This allegation was based on an incident alleged to have occurred on June 1, 1996, during B.F.’s visit at Ferrant’s home. In that incident, Ferrant allegedly encouraged B.F. to draw pictures of her mother, step-father and cousin, Ethan Martin, and to shoot at the pictures with a BB gun to kill them because they were “bad people.” Ferrant was transported by the deputies to The Ochsner Foundation in New Orleans for a psychological evaluation in accordance with the protective order. Fer-rant was evaluated by a physician at Ochsner’s and was found to be no danger to himself or to others and was released after five hours.
|sFerrant filed the instant suit against the Parish of Tangipahoa through the Coroner’s Office; James Traylor, M.D., Coroner; James DeFrain; Jewell Chatel-lier; Sheryl Chatellier; Melba Burns; and Rene’ Marten (sic) on July 8, 1998, alleging the protective order was secured on the basis of false accusations made with malicious intent and asked for unspecified damages as a resúít of the execution of the protective order. An amended petition filed on October 28, 1998, specifically alleged injuries by invasion of privacy, defamation, false imprisonment, intentional infliction of emotional distress, false swearing of affidavits, conspiracy, malicious prosecution and abuse of process. The Coroner, Dr. James Traylor, and his employee, James DeFrain, were dismissed from this suit on a motion for summary judgment, under the immunity granted under LSA-R.S. 28:53.2(D). No appeal was taken from that judgment signed October 16, 1998.
Defendants filed motions for summary judgment and a hearing was scheduled for April 6, 2001. During the hearing, a motion was made for a continuance based on the introduction of new evidence. Judge Bennett granted the motion for a continuance, ordered the record to be supplemented and that the motions for summary judgment would be heard on the record only on May 21, 2001. The parties agreed. The parties submitted briefs and memoranda and Judge Bennett issued written reasons *120 for judgment and signed the judgment on May 23, 2001. The judgment granted the defendants’ motions for summary judgment on the grounds that the defendants were not in bad faith and had a reasonable belief that there was probable cause for the coroner to issue the order and that Ferrant would be unable to prove a lack of probable cause, and therefore, bad faith, and would not prevail in his case. Ferrant now appeals that judgment as erroneous as to all the remaining defendants, except Jewell Chatellier.

J¿AW AND ANALYSIS

Although Ferrant cites no law, the facts alleged in his petition are the elements of a claim of malicious prosecution. Louisiana first recognized that the initiation of a civil commitment proceeding could be the basis for an action for malicious prosecution in Dauphine v. Herbert, 37 So.2d 829 (La.App.Orleans 1948). Although the tort of malicious prosecution has been recognized in Louisiana, “[a]c-tions of this sort have never been favored, and, in order to sustain them, a clear case must be established, ...” Johnson v. Pearce, 313 So.2d 812, 816 (La.1975). In an action for malicious prosecution, plaintiff must prove the following elements:
(1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
(3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
(5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff.
Johnson v. Pearce, 313 So.2d at 816.
Plaintiff must prove not only malice but show there was no probable cause. “Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting.” (Emphasis added. Citations omitted.) Eusant v. Unity Industrial Life Ins. and Sick Benefit Ass’n of New Orleans, Inc., 195 La. 347, 353, 196 So. 554, 556 (La.1940). Also see Craig v. Carter, 30,625, pp. 6-7 (La.App. 2 Cir. 9/23/98), 718 So.2d 1068, 1072-1073, writ denied, 98-2698 (La.12/19/98), 734 So.2d 636. If an accusation is based on probable cause there |sis no Lability even if there was malicious motive. Kenner v. Milner, 187 So. 309, 311 (La.App. 1 Cir.1939).
Louisiana Revised Statute 28:63(0 states:
Any person who acts in good faith to assist in the apprehension or taking into protective custody and examination of a patient will not be subject to civil or criminal penalties. However, a person who willfully advises or participates in the making of a false application or certificate shall be imprisoned with or without hard labor for not more than two years or fined not more than ten thousand dollars, or both.
This statute, in granting immunity, simply codifies the “good faith/probable cause” defenses to malicious prosecution and adds a criminal penalty for lack of probable cause (false application). If there is “good faith” there is no “false application.”
Appellant contends that under LSA-R.S. 28:63(C) “other credible persons” making the allegations should be certain of the events to which they swear. To hold that “other credible persons” must be “certain” that the facts alleged are true rather than have probable cause to believe that the facts alleged are true would be contrary to public policy. As stated in *121 Craig v. Carter, 30,625 at p. 6, 718 So.2d at 1073:
Reasonable efforts by a citizen toward [the] suppression of crime, even where a simple mistake exists, do not automatically impose civil liability [for false imprisonment or malicious prosecution], if all the circumstances indicate the efforts were reasonable. The law should, and does, encourage citizens to report suspected criminal activity to the proper authorities.
This same reasoning applies by analogy to civil commitments. In holding that the “false application” under LSA-R.S. 28:63(C) means “no probable cause” rather than absolute certainty we balance the State’s interest in encouraging citizens to report potentially dangerous behavior while maintaining the right of innocent citizens to recover for malicious | Bprosecution where there is both malice and no probable cause. See Craig v. Carter, 30,625 at p. 7, 718 So.2d at 1073.
A person assisting in an apprehension or a taking into protective custody of a patient has limited immunity if he has probable cause (good faith) to believe his allegations are true. Appellant contends that the affidavits show a dispute of fact over whether the appellant/father or the daughter put names on the targets. Appellant does not dispute that the BB gun target incident occurred but contends that he did not encourage the child to put names on the targets. As the learned trial judge cogently elucidated in his Written Reasons, defendants’
[A]ctions were taken based upon a set of facts relayed by step granddaughter [B.F.], which, if believed, would have caused grave concern to any reasonable person....
... Consequently, plaintiff will be unable at trial to prove a lack of probable cause and, therefore, bad faith on the part of the defendants. It is irrelevant whether or not a child custody dispute is pending and it is also irrelevant as to whether or not there was malicious intent.
The trial judge was exactly correct. To defeat summary judgment there must not only be a factual dispute but it must be material. The factual dispute raised by appellant is immaterial. See Keppard v. AFC Enterprises, Inc., 2000-2474, pp. 10-11 (La.App. 4 Cir. 11/28/01), 802 So.2d 959, 966-967.

DECREE

For the foregoing reasons we affirm the trial court’s grant of summary judgment in favor of defendants, Sheryl Chatellier, Melba Burns and Rene’ Martin. Costs of this appeal are assessed to appellant, Eugene Ferrant.
AFFIRMED.
WHIPPLE, J., concurs.