REGAN, Judge.
The plaintiff, Eddie J. Trascher, filed this suit against the defendant, Louis J. Roussel, endeavoring to recover the sum of $356,650.00, representing damages for personal injury, medical expenses, mental anguish, and attorney’s fees which he asserts were incurred as the result of the defendant’s wrongfully filing a suit for possession against him.
The defendant answered and admitted that a suit for possession of real property was filed against the plaintiff by him, but denied that any damages or injuries were sustained by the plaintiff through his fault. In the alternative, the defendant pleaded the plaintiff’s contributory negligence which he asserts consisted of his failure to vacate the premises despite the fact that he was no longer entitled to maintain possession thereof; in omitting to notify the defendant when he intended to vacate the premises or when he actually did vacate the premises; and in neglecting to inform the defendant of the fact that he was no longer connected with the property which formed the subject matter of that suit.
Following a trial on the merits which occurred before a jury, a verdict was returned in favor of the defendant, dismissing the plaintiff’s suit at his cost. This verdict was made part of the lower court’s judgment, and from that judgment, the plaintiff has prosecuted this appeal.[1]
The record discloses that the defendant filed and served upon the plaintiff a suit entitled “Louis J. Roussel vs. E. J. Thras-cher, Sr.”,, bearing Docket No. 448-481 of the Civil District Court for the Parish of Orleans, which suit sought possession of the premises located in 2020 Canal Street, in New Orleans, injunctive relief, recognition of lien rights, and a money judgment. The suit for possession was predicated on the assumption that E. J. Thras-cher, Sr., was doing business as the New Orleans Auto Exchange, an unincorporated individual proprietorship. However, the New Orleans Auto Exchange had been incorporated subsequent to the initial lease confected between the plaintiff and the defendant, and the plaintiff had divested himself of all proprietary interest in the business.
The plaintiff introduced evidence into the record to prove that one Marshall G. Saucier was in possession of the premises and had been in possession thereof for approximately twelve days prior to the filing of Roussel’s suit against Thrascher, the plaintiff herein.
The thrust of the evidence offered by the defendant and other witnesses who appeared *313 in his behalf was to the effect that the defendant had ordered his attorney to file the eviction proceeding- hut that neither he nor his attorney possessed any knowledge of the fact that the plaintiff herein was no longer the proper party defendant in that suit. The defendant denied that after the suit was filed he conferred with the plaintiff and thereafter refused to discontinue the litigation despite the fact that he was informed that the plaintiff was the wrong party involved therein.
There was no specific allegation of malice contained in the plaintiff’s petition, and the evidence offered to the jury by both the plaintiff and the defendant did not emphasize this aspect of the case which is ordinarily the focal point of actions for malicious prosecution or improperly instituted civil proceedings.[2] Hence, the case was received by the jury together with nebulous evidence offered by the plaintiff and the defendant as related hereinabove.
In any event, the foregoing elucidation reveals that only questions of fact were posed for the jury’s consideration. The members thereof obviously accepted the defendant’s version of the facts, and, therefore, concluded that he was free of any negligence or other fault which caused or contributed to the illness which the plaintiff asserts he experienced as the result of the filing and serving of this suit upon him. The fact that the jury only deliberated for approximately twelve minutes, which apparently forms the primary basis for the plaintiff’s appeal, is of no import, especially in view of the fact that after the jury was polled all members thereof unanimously revealed that they assented to the rendition of the verdict in favor of the defendant.
The only significant question which this appeal has posed for our consideration is whether that finding of the jury was so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the facts involved in this litigation. The jury accepted the defendant’s version thereof, and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment appealed from is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. Plaintiff’s coexecutors were substituted as plaintiffs on appeal.

. Blanchard v. Employers Liability Assurance Corporation, La.App., 197 So.2d 386 (1967).